[No. 12579.   In Bank. — September 12, 1890.]

## HARRIET HUTCHINSON, APPELLANT, *v.* J. B. MCNALLY ET AL., RESPONDENTS.

EJECTMENT — PLEADING — DURATION OF HOMESTEAD — SEPARATE PROPERTY — TITLE OF DEVISEE. — A complaint in ejectment by the devisee of a decedent which shows that the property devised was his separate property, and that a homestead was selected therefrom by his wife without his consent, and that after his death the homestead had been set apart to her as his surviving widow, and that she died before the suit was brought, is not subject to the objection that it does not show that the homestead had ceased to exist at the time of bringing suit.

ID. — PRESUMPTION UPON DEMURRER. — It will not be presumed against the pleader upon demurrer to such complaint that the court set apart the homestead for a longer time than that allowed by law; nor can it be presumed that it was set apart for the use of a family, when the complaint alleges that it was set apart to the widow.

SETTING APART HOMESTEAD FROM SEPARATE PROPERTY—POWER OF COURT. — A homestead out of the separate property of a decedent can only be set apart to the widow for a limited time, and certainly not longer than during her life.

PLEADING — DEMURRER FOR UNCERTAINTY — AID FROM GENERAL ALLEGATION. — Upon a demurrer to a pleading for uncertainty in a particular specified, a general allegation, though it would not have been sufficient standing alone, may nevertheless assist to make the complaint certain in the particular mentioned.

Appeal from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*T. M. Osmont*, for Appellant.

*Charles F. Hanlon*, for Respondents.

Works, J. — Ejectment. Judgment for defendants upon demurrer to the complaint. Plaintiff appeals. The complaint alleges: — .

"1. That one Charles C. Hutchinson, late of the city of Oakland, county of Alameda, state of California, deceased, was at and before his death the owner, and seised in fee and possessed, of that certain piece or parcel of land situate, lying, and being in the said city of Oakland, county of Alameda, state of California, described as follows, viz.: — . . . .

"2. That on or about the second day of June, 1878, the said Charles C. Hutchinson died, having by his last will and testament devised to the plaintiff the said land and premises; that said will was, by an order duly given and made on the twenty-ninth day of June, 1878, by the late probate court of the county of Alameda, admitted to probate.

"3. That said property was, prior to and at the time of his death, the homestead of the said Charles C. Hutchinson, deceased, and Esther C. C. Hutchinson, his wife, and was selected from the separate property of the decedent without his consent; that the declaration of homestead was duly recorded in the office of the county recorder of said county of Alameda on or about the tenth day of May, 1878.

"4. That thereafter certain proceedings were had in the superior court of said county of Alameda, whereby, on the twentieth day of April, 1880, an order was duly made and entered setting off said homestead to Esther

C. C. Hutchinson, surviving widow of the said decedent; that said Esther C. C. Hutchinson was at the date last aforesaid in possession of the said homestead property, and continued in possession thereof until the time of her death, viz., on or about the thirty-first day of January, 1881.

" 5. That upon the day and year last aforesaid the plaintiff herein, as devisee under the said will of Charles C. Hutchinson, deceased, and as the owner of the land and premises hereinbefore described, became and was entitled to the possession of said land and premises, and every part thereof."

The objection made to the complaint is, that it does not allege for what length of time the homestead was set off to the widow, and therefore does not show that the homestead, to which the plaintiff's claim of ownership was subject, had ceased to exist at the time she brought her suit, and for that reason does not show either title or right to possession in her. The objection is not well taken. The complaint shows that the homestead was of the separate property of the deceased, selected without his consent, and that the widow, to whom it was set apart, was dead at the time the suit was brought. The homestead, being of separate property, could only be set apart to the widow for a limited time, certainly not longer than during her life. (Civ. Code, sec. 1265; Code Civ. Proc., sec. 1474.) It will not be presumed against the pleader that the court set apart the homestead for a longer time than that allowed by law. It is contended, however, that there might have been children of the deceased, and the homestead might have been set off to the *family* for a time extending beyond the life of the widow. But the allegation of the complaint is, that it was set apart to the *widow*, which disposes of that objection. Besides, the complaint alleges, in general terms, after stating the facts, that plaintiff, " as devisee under the said will of Charles C. Hutchinson, deceased, and as the owner

of the land and premises hereinbefore described, became and was entitled to the possession of said land and premises, and every part thereof." Of course this general allegation would not have been sufficient standing alone, but the objection made to the complaint being that it was uncertain, as above stated, the general allegation assisted to make the complaint certain in the particular mentioned.

The judgment is reversed, with instructions to the court below to overrule the demurrer to the complaint.

Sharpstein, J., McFarland, J., Fox, J., Paterson, J., Thornton, J., and Beatty, C. J., concurred.