[No. 15239.    Department One.—May 1, 1894.]

## MARY A. NEARY, APPELLANT, *v.* ALICE E. GODFREY, ADMINISTRATRIX, ETC., ET AL., RESPONDENTS.

DIVORCE—HOMESTEAD—SEPARATE PROPERTY OF WIFE—ASSIGNMENT TO HUSBAND FOR LIMITED PERIOD—DEATH OF HUSBAND—CONSTRUCTION OF DECREE.—Where a divorce is granted to the husband on the ground of the extreme cruelty of the wife, and a homestead selected from her separate property has been assigned to him for a period of years, his right to the use of the homestead terminates upon his death before the expiration of the term of years designated by the decree of the court.

ID.—LIMIT OF POWER OF COURT—LIFE LIMITATION—PRESUMPTION.—The power of the court, in an action of divorce, to assign for a limited period the homestead selected from separate property, cannot extend beyond the life of the innocent party to whom the property is awarded; and in construing the decree it must be presumed that the court intended to keep within its powers, and the decree must be read in the light of the law as having a life limitation inseparably connected with it.

ID.—RIGHT TO USE OF HOMESTEAD.—The right to the use of a homestead so assigned to the innocent party is purely personal; and such party has no interest under the decree that can be sold, or levied upon by execution, or inherited, and the interest terminates with the death, and constitutes no asset of the estate of such party.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*Henry E. Highton,* for Appellant.

The right awarded George Godfrey by the decree ceased on his death. (*Hutchinson* v. *McNally,* 85 Cal. 619; *Simpson* v. *Simpson,* 80 Cal. 237, 241, 242; Code Civ. Proc., sec. 1474; Civ. Code, sec. 1265.) Were it clear that the court intended to confer upon the deceased a greater benefit than the statute permitted it to confer, the decree could not be given such intended effect, but its operation would have to be confined to the limits fixed

by the statute. (*Watson* v. *Creditors*, 58 Cal. 556, 558; *Bollinger* v. *Manning*, 79 Cal. 7, 11; *Estate of Ackerman*, 80 Cal. 208–10; *Sheehy* v. *Miles*, 93 Cal. 288, 295.) Inasmuch as the plaintiff was the owner of the homestead premises, and continued after the divorce the head of a family, she was as much within the purview of the homestead laws after the dissolution of the marriage as during its existence, and the premises, therefore, remained a homestead. (*Vanzant* v. *Vanzant*, 23 Ill. 536, 493; *Sellon* v. *Reed*, 5 Biss. 125; *Byers* v. *Byers*, 21 Iowa, 268.)

*William R. Davis*, and *W. Lair Hill*, for Respondents.

It is clear that from the granting of the divorce to George Godfrey on the ground of cruelty, and from the time this property was allotted to him for ten years by the decree of divorce, the property became non-homestead property. (*Burkett* v. *Burkett*, 78 Cal. 310, 316; 12 Am. St. Rep. 58.) The fact that the property was the separate property of the wife does not render the decree void as the court clearly had power to set it apart to the husband. (*Burkett* v. *Burkett*, 78 Cal. 310, 316; 12 Am. St. Rep. 58; *Mott* v. *Mott*, 82 Cal. 413, 418; *Boggers* v. *Boggers*, 6 Baxt. 299; *Chenault* v. *Chenault*, 5 Sneed, 248; *Armstrong* v. *Armstrong*, 32 Miss. 279; *Powell* v. *Campbell*, 20 Nev. 232; 19 Am. St. Rep. 351; *Adams* v. *Storey*, 135 Ill. 448; 25 Am. St. Rep. 392–94; *Herron* v. *Herron*, 47 Ohio St. 544; 21 Am. St. Rep. 854; *Webster* v. *Webster*, 2 Wash. 417–19; *Fields* v. *Fields*, 2 Wash. 441; *Barrett* v. *Failing*, 111 U. S. 523, 527.)

GAROUTTE, J.—This is an appeal from a judgment in favor of the defendants, entered upon an order sustaining a demurrer to the complaint, and the refusal of plaintiff to amend. The demurrer was upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and the facts which were thus claimed to be insufficient to entitle plaintiff to relief were substantially as follows: In 1884, the plaintiff, be-

ing then the wife of one George Godfrey, and owning the premises described in the complaint as her separate property, united with her husband in a declaration of homestead which was duly recorded. Subsequently an action for divorce was brought by plaintiff against her said husband, and in that action a decree was ultimately entered granting the defendant therein, the husband, who had filed a cross-complaint, a divorce on the ground of the extreme cruelty of the plaintiff. In that proceeding the homestead property was set aside to the husband for the period of ten years, and the language of the decree is as follows: "Said homestead and homestead right, and the exclusive use and enjoyment thereof, are hereby assigned and awarded for a limited period, to wit: for the period of ten years from January 7, 1889, unto defendant, the innocent party, and the said homestead is thereafter to go, and it is assigned thereafter to go, to plaintiff as her separate property." Subsequent to this decree the husband, Godfrey, continued to reside on the premises so awarded to him, but died within the ten years. Before his death he again married, this second wife being the defendant administratrix in the present action. She was residing upon the property at the commencement of this action, and seven years of the ten-year term prescribed by the decree has not yet expired. The present action is in ejectment, brought by the first wife for the recovery of the property included in the aforesaid decree.

The power of the court in which the divorce proceedings were pending to award the use of the homestead (the separate property of the plaintiff) was derived from section 146 of the Civil Code, which declares: "In case of the dissolution of the marriage by the decree of a court of competent jurisdiction, the community property and the homestead shall be assigned as follows: . . . . 4. If a homestead has been selected from the separate property of either, it shall be assigned to the former owner of such property, subject to the power of the court to assign it for a limited period to the innocent party."

This provision of the law respecting the length of time for which the homestead selected from the separate property of one spouse may be set aside to the other, is in all respects similar to those provisions of the codes regulating the rights of the survivors of a family in such homestead property. (See Civ. Code, sec. 1265; Code Civ. Proc. sec. 1474.)

It is unnecessary to discuss what effect a decree of divorce, of itself, has upon homestead property as a homestead. In the present case the property has been dealt with by the decree of the court, and this litigation will be effectually disposed of, by a construction of the terms of the court's decree in making a disposition of the property. The court could not award this property to the husband for a longer period than life, and if this decree, read in the light of the statute, will bear the construction that the right to the use ceased upon the death of the husband, regardless of the unexpired portion of the term of years, we are bound to give it such construction, for that was the limitation of the power of the court, and we must presume that the court intended to keep within its powers. As was said in *Simpson* v. *Simpson*, 80 Cal. 241: "The law did not authorize the court to assign the homestead or any equitable interest in it to the children nor to the wife in trust for any purpose, and, in the absence of a reasonably clear expression to the contrary, the court must be presumed to have intended to act within the scope of its authority, and not to exceed it." Again, the court had the power to set aside the homestead to the innocent party "for a limited period"; but it is not necessary for us in this case to determine the exact meaning of the phrase "limited period," for it is conceded by all courts that such period cannot extend beyond the life of the party to whom the property is awarded. This principle is fully recognized in *Hutchinson* v. *McNally*, 85 Cal. 619.

In the present case the respondent, as the widow of the deceased and as the administratrix of the estate, seeks under the decree of the court to hold possession of the

property for a term of seven years after Godfrey's death. If the decree, in terms, had set aside the homestead to Godfrey for life, and to his heirs for a term of seven years thereafter, it would have been void upon its face to the extent of the seven-year term at least, for such a decree would have been clearly beyond the power of the court to make. If a decree of that character would have been void, the same results should not be countenanced and approved through the present decree by any process of indirection, if those results can be avoided within the law.

As is said in *Simpson* v. *Simpson, supra:* "The authority of the court in actions for divorce to transfer the property of either party to the other, or otherwise to dispose of it, is purely statutory; and the statute did not authorize the court to create a trust in the homestead or community property, but only to assign it directly to the innocent party, 'absolutely or for a limited period.'"

In *Bollinger* v. *Manning*, 79 Cal. 7, 11, we have this language: " So the fact that the court by its order set aside the property on which the homestead had been declared 'for the use of the family,' and not expressly to Mrs. Manning, is of no consequence. The property was community property, and on the death of the husband the title vested absolutely in the surviving wife. (Code Civ. Proc., sec. 1474.) The form of the order was therefore immaterial, as it did not and could not change or affect in any way the widow's rights, but simply excluded the property from administration."

This principle was aptly put in *Smith* v. *Westerfield*, 88 Cal. 374, 378: "Although it is a court of general jurisdiction, yet, in the exercise of these powers, its jurisdiction is limited and special, and whenever its acts are shown to have been in excess of the power conferred upon it, or without the limits of this special jurisdiction, such acts are nugatory, and have no binding effect even upon those who have invoked its authority or submitted to its decision." But any question of excess of

jurisdiction by the court in awarding a homestead prop-
erty of the present character to the innocent party for a
fixed term of years, regardless of the death of such party
prior to the expiration of the term, may be waived in
this case.   Indeed, grave difficulties arise the moment
it is attempted by collateral attack to impeach a judg-
ment of this kind upon the ground of excess of juris-
diction.   For, viewed from certain angles, it would
seem that the validity of the judgment as transcending
the limits of the court's authority is assailed by facts
occurring subsequent to its rendition, to wit: The
death of the party to whom the homestead property
was awarded.

The scope and effect of this decree necessarily must
be limited to the life of Godfrey.   It was a right assigned
to him alone.   It was purely personal in its nature; and
when he died the right was gone.   The court had no
power to assign it to any one else; and, it being a right
to his own personal use, the necessity for it ceased with
his death.   The benign object and purpose of the stat-
ute had been satisfied when he died; and, construing the
decree as being within the law, its mission also had
been accomplished and fulfilled at that time; for God-
frey had no further use for a homestead.   His death
marked the termination of the right under the law;
and, reading the decree with the eyes of that law, we
think it may be fairly said that a life limitation is in-
separably connected with it.   We do violence to no prin-
ciple of construction in so holding.

Unless the alleged unexpired term is an asset of God-
frey's estate, defendant has no standing in court; and
that it is not such an asset we have no doubt.   Godfrey
had no interest under the decree that could be sold;
none that could be levied upon by execution; none
that could be inherited.   If his estate has no interest,
it follows that this administratrix, as such, has no
legal standing here.   And as his wife, regardless of her
*status* as heir, she has no legal standing.   Her claim to
the possession as a wife could only be based upon

alleged rights passing to her under the decree in the nature of a homestead interest. But, manifestly, her claims in that direction are fruitless. The husband and wife were the only parties to the divorce litigation. The second wife, the defendant herein, was an unknown quantity at that time. The decree was not made in view of the possibility of a second marriage. She was not in the mind of the court. The decree was for the benefit of the husband alone; and it is not possible that the second marriage could deepen and broaden the effect of that decree. The fact of a subsequent marriage of the divorced husband, or that the husband was awarded the custody and care of his children by the decree, is necessarily immaterial. The court's powers came from the statute alone; and, under the statute, its power to award the property was limited to the innocent party alone. If it had attempted to award the property to others, the decree would have been absolutely void, as in excess of the power of the court. These things being true, it will not be presumed that the trial court intended to exceed its jurisdiction; and the terms of the decree will not be construed to that effect if any other construction is justified by its language and the law. A construction of the decree within the law may be fairly had; and the award of the homestead property by the decree to Godfrey was for a term of ten years, " but not exceeding his life."

The judgment is reversed.

HARRISON, J., and PATERSON, J., concurred.