[S. F. No. 609.   Department Two.—June 25, 1897.]

## CAROLINE HUELLMANTEL, RESPONDENT, v. BERNARD HUELLMANTEL ET AL., APPELLANTS.

|117  407|
|s124  584|

DIVORCE—EXTREME CRUELTY—WILLFUL NEGLECT—EVIDENCE.—Where a divorce is granted on the grounds both of extreme cruelty and willful neglect, the failure of the evidence to sustain the charge of willful neglect is immaterial, if the finding as to extreme cruelty is supported by the evidence.

ID.—HOMESTEAD ON SEPARATE PROPERTY — DISPOSITION OF FOR LIMITED PERIOD.—Under section 146 of the Civil Code, where a divorce is granted on the ground of extreme cruelty, a homestead selected from the separate property of the guilty spouse can be assigned to the innocent party for a limited period only, not exceeding the life of the party to whom it is assigned; and the court cannot by its decree, order a grantee of the guilty spouse, to whom the property covered by the homestead had been conveyed, and who was made a party to the action, to make an absolute conveyance thereof to the innocent party.

ID.—PROPERTY CONVEYED IN FRAUD OF WIFE—LIEN.—Where the decree of divorce also provides for the payment of alimony, maintenance, etc., to the wife, she being the innocent party, a grantee of the husband, to whom he had conveyed other real estate for the purpose of defrauding his wife, cannot be compelled to reconvey the same to him. The decree may, however, provide for a lien on such property in favor of the wife.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. D. J. MURPHY, Judge.

The facts are stated in the opinion of the court.

*A. Morgenthal*, for Appellants.

*M. Cooney*, for Respondent.

McFarland, J.—This is an action for a divorce brought by a wife against her husband. Certain other persons were made defendants, as claiming some interest in the property involved in the litigation. The court found that the defendant was guilty of extreme cruelty and willful neglect. A decree was entered granting a divorce to plaintiff upon these grounds, and also making disposition of certain property. The husband and also the defendants, Herman Scholden, Francis Steffen, and Rosalia Steffen, appeal from the judgment and from an order denying a motion for a new trial.

The evidence as to the extreme cruelty and willful neglect was no doubt somewhat conflicting, but we think that it fully warranted the court below in finding those issues in favor of the respondent. This is certainly so as to the charge of extreme cruelty; and, that being established, the finding as to willful neglect is immaterial. That part of the judgment which decrees a divorce is clearly correct and should not be disturbed.

But that part of the decree which disposes of the property interests involved is erroneous. Upon a first examination of the case we were inclined to think that the judgment might be modified, but upon further examination we find that this result cannot be reached because there are certain findings which are erroneous and which cannot be changed here.

The appellant Huellmantel at the time of his marriage with respondent was the owner of a certain lot of land in the city of San Francisco. Upon the front part of said lot there is a three-story building which had generally been rented to tenants, and on the rear part of the lot there is a smaller house in which the husband and wife resided. Several years ago the respondent filed a homestead claim upon the whole of this lot. By the decree the rear half of the lot, described by metes and bounds, including said dwelling-house and a certain right of way, is given as her homestead to the respondent absolutely "for herself, her heirs, and assigns for-

ever." The setting apart of this portion of the lot to the respondent was clearly correct if it had been given to her for a limited period only, but it was error to award it to her absolutely, as stated in the decree. The specific findings of fact show that the whole lot was the separate property of the husband at the time the homestead was filed, and has ever since remained such. Section 1238 of the Civil Code provides that "the homestead may be selected from the community property or the separate property of the husband, or, with the consent of the wife, from her separate property"; but when we seek to learn the legal effect of the filing of a homestead, we must look to other provisions of the code to find what rights attach under it when those rights come to be enforced. Certain sections of the code provide for the protection of a homestead against forced sale; section 1474 of the Code of Civil Procedure provides how a homestead shall be disposed of upon the death of the husband or wife; and section 146 of the Civil Code provides how it shall be disposed of upon the dissolution of the marriage by divorce. The latter provision is the only one with which we are concerned in this case, and the fourth subdivision of that section provides as follows: "If a homestead has been selected from the separate property of either, it shall be assigned to the former owner of said property, subject to the power of the court to assign it for a limited period to the innocent party"—the innocent party being the one who obtains the divorce upon the ground of adultery or extreme cruelty. Therefore, in the case at bar, the court could assign the property to the respondent only for a limited period, which, as heretofore held by this court, cannot exceed the life of the party to whom it is assigned. This part of the judgment would have been correct if, instead of the words "her heirs and assigns forever," there had been a limited period of time stated, such as the court below may have determined to be just.

The court found "that all the allegations of plaintiff's said complaint are true," but that finding is not sus-

tained by the evidence, for it is averred in the complaint that all of the property was community property, which is not true, and there are other averments not true. The appellants, Francis Steffen and Rosalia Steffen, aver in their answer that they were the owners of all the property above described, claiming title thereto under a certain deed made to them by the respondent, Bernard Huellmantel, which deed was executed after the filing of said homestead claim of the respondent; and the court finds that neither of them " had any title to said property at the time of commencing this action, and their claim of title and pretended interest was and is without foundation in fact, the said deed being their only basis of claim." And by the decree said Francis and Rosalia Steffen are adjudged to forthwith execute a deed of conveyance to plaintiff of the homestead portion of said real property above described, and also convey to the appellant Bernard Huellmantel the title to the remaining portion of said real property. The finding last above mentioned, and also the said portions of the decree just referred to, were erroneous and cannot be sustained. The court found that the deed from Huellmantel to the Steffens was fraudulent and void, because made for the purpose of enabling said Huellmantel to successfully refuse to support and maintain the respondent as his wife. But the deed was not void as between the respondent Huellmantel and the Steffens as to the land not homestead. There is no ground, therefore, for that portion of the decree which orders the Steffens to reconvey to the appellant Huellmantel, even though it was proper for the court to decree that the alimony, maintenance, etc., of respondent by her husband shall be a lien upon said property conveyed to the Steffens. Neither is there any ground for adjudging that the Steffens convey absolutely to the respondent the homestead part of said land, for either the appellant Huellmantel or his grantees are entitled to said homestead land after the expiration of the limited period for which it shall be assigned to respondent. That part of the judgment which declared the ex-

tent of the land that was homestead was not the partition of a homestead by carving a smaller one out of a larger tract which was all impressed with the homestead character—as may be done in suits by creditors and in some other instances; it was only an adjudging that the land on which the dwelling-house stood, with certain land used in connection therewith, constituted the homestead, and that the other part of the lot had never been impressed with the homestead character. (*Lubbock* v. *McMann*, 82 Cal. 229; 16 Am. St. Rep. 108.) This latter part of the lot appellant Huellmantel had the right to convey, and his grantees took the title subject to any liens which respondent may have against it. Neither appellant Huellmantel nor the Steffens object to the validity of the conveyance from the former to the latter. The evidence as to the alleged interest of appellant Scholden in the premises was quite meager, but that matter can be reinvestigated at another trial.

That part of the judgment which decrees a divorce to the respondent and fixes the amount of alimony, counsel fees, etc., is affirmed, and as to those matters the order denying a new trial is affirmed; but all that part of the judgment which undertakes to determine and dispose of the real property described in the complaint is reversed, and as to all that part of the judgment the order denying a new trial is reversed and a new trial is ordered.

HENSHAW, J., and TEMPLE, J., concurred.