## HOWARD v. BRYAN et al.*

### Sac. No. 684; September 29, 1900.

#### 62 Pac. 459.

Guardian and Ward.—Where a Petition to Mortgage Property of minor heirs to raise a certain sum of money sets forth the items for which the money is wanted, such petition is not void on its face, though part of the items only are charges against the estate; hence a collateral attack on the validity of the petition on such ground, in a suit to foreclose the mortgage, is unavailing.

Guardian and Ward—Mortgage.—Where an Order of Court Authorizing a guardian to mortgage the property of minor heirs is susceptible of two constructions, one of which makes the interest of each minor liable only for his share of the entire debt, and the other makes the share of each liable for the whole debt, and the court can reasonably construe it to bind the interest of each for his share only, such construction will be given, and the order will be held valid.

Guardian and Ward—Mortgage—Collateral Attack.—Under Code of Civil Procedure, section 1578, as amended, declaring that a mere error or irregularity in mortgaging the property of minor heirs under order of court shall not invalidate the mortgage where the mortgage is attacked in a collateral proceeding, a mortgage given without delivery of a note to the mortgagee is valid, as failure to give a note is a mere irregularity.

APPEAL from Superior Court, Sacramento County; Matt F. Johnson, Judge.

Action by M. A. Howard against William Bryan and others. From a judgment for defendants the plaintiff appeals. Reversed.

Arthur E. Miller and Albert M. Johnson for appellant; White & Seymour for respondents.

GAROUTTE, J.—Mrs. Bryan, the guardian of the persons and estates of her five minor children, under an order of the court mortgaged their interest in certain real estate, amounting to an undivided five-twentieths, to secure a loan of $9,500. Mrs. Bryan individually and her five adult children also mortgaged their undivided interest in the same real estate, amounting to fifteen-twentieths thereof, to secure

---

*For subsequent opinion in bank, see 133 Cal. 257, 65 Pac. 462.

a repayment of the same money. The present action is brought to foreclose the mortgages. Plaintiff was nonsuited as to the cause of action based upon the mortgage given by the guardian of the minors, and judgment in his favor was rendered upon the mortgage given by Mrs. Bryan and her adult children. He now appeals from that portion of the judgment based upon the nonsuit.

The question here presented involves the validity of the mortgage given by the guardian under the order of the court. To support the claim of the invalidity of the mortgage, it is first insisted that the petition for permission to mortgage addressed to the court is void upon its face. By this petition the court is asked to order a loan of $10,000, and the various items going to make up this sum total are set forth in detail, as, for example, an item of $5,000 claimed to be due the guardian, as money expended by her in the care, support and maintenance of the minors, and which, it is alleged, is a charge against their estate. There is also an item of $2,500, which, it is alleged, is required to pay off a mortgage then resting on the property, which mortgage was given by the father of the minors during his life. It becomes unnecessary to enumerate the other items alleged in the petition going to make up the sum total of $10,000, although it may be said they include costs of the proceedings in guardianship and an estimated attorney's fee. Upon the hearing the court made an order allowing the guardian to negotiate a loan of $9,500. This attack by respondents upon the validity of the proceedings leading up to the mortgage is essentially a collateral attack, and for this reason those proceedings must appear to be void on their face or the attack can avail nothing.

What particular facts are essential to be set forth in a petition to allow a mortgage to be given, in order to give a court jurisdiction to make an order thereon, we will not here decide, for it is not necessary. Even if it be conceded that in the present case some of the items set forth in this petition, going to make up the sum total, were not a legal charge against the estate of the minors, yet, upon the other hand, there is no doubt but that some of these items were a proper charge against that estate, and this fact gave the court jurisdiction of the proceeding, and, upon proper notice given of the hearing, power to make the order it did make. For this reason the order here made is not void upon the ground of a

fatally defective petition, even conceding that a petition could be so deficient in its statement of facts as to deprive a court of jurisdictional power, after due and proper hearing, to make an order for a loan. If the court had the power to make the order to mortgage, then the amount of money which the guardian was allowed to borrow is not a material matter, and as to whether or not the guardian legally expends the money for the benefit of the minors is likewise a matter entirely immaterial here. That question will arise upon a settlement of the guardian's account.

It is next claimed that the order to mortgage is void because it purports to create a joint indebtedness of these five minors for the entire sum, and a single blanket mortgage is given to secure that indebtedness. We have no doubt but that the court was wanting in power to make an order for a mortgage which would bind the interest of each minor for the entire loan, and, if the necessary construction of this order was to bind each minor to that end, it could not stand. But a fair and reasonable construction of the order may be made, which will make it valid, and that construction we are bound to make. Each minor owned an undivided one-twentieth of the real estate, and it will be held in support of the validity of the order that each minor's interest in the estate is only bound as security for one-fifth of the amount of the debt, and upon the payment of that amount his interest will be released from the effect of the mortgage. As to the general legal principle here involved, see Neary v. Godfrey, 102 Cal. 338, 36 Pac. 655.

Section 1578 of the Code of Civil Procedure originally failed to provide for the giving of a promissory note by the guardian as evidence of the debt created under order of the court; but a short time before this loan was effected the statute was amended, whereby a guardian was authorized and directed to give the mortgagee a promissory note for the amount of the money loaned. Compliance was not had with this provision of the law in this case, and, while the failure to comply with the law may be said to have been a substantial departure therefrom, yet we do not deem the departure jurisdictional. The attack here made upon the mortgage being collateral, no mere error or irregularity in the proceeding, however important or substantial, will invalidate the mortgage. The section itself so declares, and we hold this

omission to be an irregularity only. No promissory note is necessary in order that there may be a valid mortgage, and a promissory note, if given under the circumstances here, would only be evidence of the indebtedness. For the foregoing reasons the judgment is reversed and the cause remanded.

We concur: Harrison, J.; Van Dyke, J.