[L. A. No. 15180. In Bank.—October 26, 1936.]

ELIZABETH ADA GREENLEE, Respondent, v. WARREN
RUSSELL GREENLEE, Appellant.

Henry G. Bodkin for Appellant.

Louis T. Fletcher for Respondent.

CURTIS, J.—In this action, instituted by the wife against her husband for separate maintenance upon the grounds of desertion and wilful neglect, the court rendered judgment in favor of the wife, the plaintiff in said action. Said judgment in part provides that: "It is further ordered, adjudged and decreed that plaintiff have in addition to the said fifty ($50.00) dollars per month possession of the real property described as Parcel No. 1, paragraph I of this decree, together with all furniture, household goods, and personal effects therein, and any and all rents therefrom; . . . "

The defendant appealed from that part of said judgment set forth in the paragraph just quoted in so far as it provides that the plaintiff have possession of the real property described therein. The grounds of the appeal are: (1) The real property of which the wife was given possession was the separate property of the husband and no valid declaration of homestead was ever declared thereon by the wife; and (2) the court was without jurisdiction in this order to award the separate property of the husband to the wife for any period of time, much less for an unlimited period of time, even if she had declared a valid homestead upon said real property. The appeal is on the judgment roll alone.

 The court found that the parties hereto were married on the twenty-ninth day of June, 1930; that they resided continuously on parcel 1, being the real property described in the paragraph of the judgment quoted above, from the first day of June, 1931, to and including the thirty-first day of October, 1932, being the date on which the defendant deserted plaintiff, and that plaintiff from said last-named date up to the trial of said action "was actually residing on the land and premises herein referred to and in the dwelling house situated thereon with her family". While so residing on said premises the plaintiff executed a declaration of homestead in which she declared, among other facts, that the real property was the home of herself and her husband, the defendant herein. The declaration of homestead, the court found, was recorded on the second day of February, 1933, in Book 11,987, page 287, official records of the county of Los Angeles. The court further found that

the parties hereto lived together as husband and wife from the date of their marriage on June 29, 1930, to and including the thirty-first day of October, 1932, when the defendant deserted and abandoned the plaintiff, and that there were no children as the issue of said marriage.

Under the foregoing findings of facts the defendant claims that the court erred in its conclusion that the plaintiff executed and filed for record a valid declaration of homestead upon the real property which was awarded her by the judgment in this case. In support of this claim the defendant reasons as follows: The party making a declaration of homestead must reside on the property at the time of making said declaration of homestead. (Civ. Code, sec. 1263.) The residence of the husband is the residence of his wife. (Pol. Code, sec. 52.) When the husband abandoned his wife and ceased to reside upon the premises in question, the legal residence of the wife followed that of her husband, and she ceased in a legal sense to be a resident of said premises from that time on, although she continued to occupy the same as a home. As the declaration of homestead was recorded after the desertion of the wife by the husband, it was invalid for all purposes. The main authority relied upon by the defendant in support of his claim is the case of *Bullis* v. *Staniford,* 178 Cal. 40 [171 Pac. 1064]. In that action the facts are materially different from those now before us. The defendant Staniford owned a home in the city of Fresno, in which he resided with his wife and two sons. Subsequently and in 1912 he removed to Los Angeles and continued to reside there until the date of the trial in 1915. In 1912 the defendant leased the Fresno home to other parties and Mrs. Staniford moved to San Francisco to keep house for her elder son, who had established himself as a physician in the last-named city, and to be near her younger son, who was a student at Stanford University. In 1914, the Stanifords sustained financial reverses and Mrs. Staniford, who was still living in San Francisco, after consulting an attorney, went to Fresno and by an arrangement with the tenants then occupying their home, cancelled the lease of said property and went into ostensible possession thereof. After remaining in possession of the premises from February 20th to February 24th, Mrs. Staniford filed a declaration of home-

stead upon the property, and on March 1st she made a new lease of her home to her former tenants and returned to San Francisco, where she continued to remain. Under this state of facts the court held that Staniford was a resident of Los Angeles at the date of filing the declaration of homestead for record and that his residence was the residence of his wife. It accordingly set aside the declaration of homestead which the wife executed and filed upon the Fresno property and declared the same invalid. A mere recital of the facts of this case, we think, clearly shows that the factual situations in the two cases are so different that the cited case cannot be accepted as an authority for the decision of the case now before us.

On the other hand, we think the case of *Michels* v. *Burkhard,* 47 Cal. App. 162 [190 Pac. 370], is practically decisive of the question now before us. In that action the husband, on the order of the court, left the home in August, 1912, the wife continued to reside there, and in November of the same year and while the husband was still absent, filed a declaration of homestead. The trial court in the divorce ordered the wife to leave the homestead premises and she complied with the order and never returned to the premises, In a subsequent action a creditor of the Burkhards levied upon and sold the property under execution and then brought an action to quiet the title. The husband defaulted in said action, but the wife appeared and set up the homestead. The trial court ruled against her but the appellate court reversed the judgment and sustained the validity of the declaration of homestead. In concluding its opinion in that case the court expressed its views as follows (p. 165) : ''To hold otherwise would be tantamount to denying the very right vouchsafed the wife under the specific terms of the statute. Subdivision 2 of the section covering this phase of the matter, too, would seem to preclude the idea that residence on the property in question by *both* spouses is necessary. At any rate, it is conceded that the declaration here involved complies with section 1263 of the Civil Code in every particular.''

In that case there was another element present which to a certain extent militated against the validity of the homestead. It was there claimed that the motive of the wife in making the declaration of homestead was to harass her

husband and that she did not claim the homestead for the joint benefit of herself and husband. Notwithstanding this phase of the case the appellate court sustained the act of the wife in making said declaration of homestead. In the present case no improper motive is attributed to the wife, but, on the other hand, all the evidence in the case shows that she acted to protect her rights from the acts of her husband who, the court found, was fraudulently attempting to defeat her claim for maintenance and support, after he had failed to supply her with the necessaries of life and had deserted her and his home. To hold under these circumstances that she could not protect herself in a right to a home out of her husband's property would indeed be a harsh and most unjust rule. All that a husband would have to do in order to defeat his wife's right to a homestead would to be to desert her, and from that moment on she would be powerless to preserve for herself a home in which to live. The homestead laws have always been given a most liberal construction in order to advance their beneficial objects and to carry out the manifest purpose of the legislature. (13 R. C. L., p. 547.)

■ The defendant further contends that the court has no authority in this action to award the separate property of the husband to the wife as a homestead for any period of time whatever, not even for an unlimited period.

It is admitted, and the court found, that the real property assigned to the wife was the separate property of the husband. Subdivision 4 of section 146 of the Civil Code provides that in divorce actions, if the homestead has been selected from the separate property of either, it shall be assigned to the former owner of such property, subject to the power of the court to assign it for a limited period to the innocent party. The same limited power is given to the court in actions for separate maintenance. (Civ. Code, sec. 137.) The limited period for which the court may assign to the innocent party the homestead selected from the separate property of the other has been held to be for the period of the natural life of the former. (*Strupelle* v. *Strupelle,* 59 Cal. App. 526, 531 [211 Pac. 248]; *Neary* v. *Godfrey,* 102 Cal. 338 [36 Pac. 655]; *Hutchinson* v. *McNally,* 85 Cal. 619 [24 Pac. 1071].) The appellant contends, however, that the separate property of one spouse

from which the homestead has been selected can be assigned to the innocent party only in cases in which the decree of divorce or for separate maintenance is granted upon the grounds of adultery or extreme cruelty, and relies upon *Huellmantel* v. *Huellmantel,* 117 Cal. 407 [49 Pac. 574], in support of such contention. While there is language to be found in the opinion in that case which apparently supports appellant's position, it is apparent, when said opinion is carefully examined, that this language was not necessary for the decision of any point at issue in said action and was therefore *dictum.* Moreover, the language relied upon is directly opposed to sections 137 and 146 of the Civil Code above referred to, and particularly to subdivision 4 of said section 146, which provides for the disposition of the separate property of either spouse from which a homestead has been selected upon the granting of a decree of divorce, and section 137 as we have stated, makes section 146 applicable to judgment for separate maintenance. Subdivisions 1 and 2 of section 146 provide for the disposition of the community property in the event of a divorce, and provide for a different division of the *community property* in case the divorce is rendered on the grounds of either adultery or extreme cruelty from that which may be made in cases where the decree is rendered on other grounds. Subdivisions 3 and 4 of said section 146 provide for the disposition of *the homestead* in case of divorce. Subdivision 3 relates to homesteads selected from community property and subdivision 4 to homesteads selected from the separate property of one of the spouses, but no distinction whatever is made in the power of the court to award the homestead, in either event, depending upon the grounds upon which the decree of divorce is rendered. The contention of the appellant that the court has power to award the homestead, selected from the separate property of one of the parties to the innocent party, only in cases where the decree is rendered on the grounds of either adultery or extreme cruelty is without merit.

The contention of appellant that the court has power to assign the homestead selected from separate property to the innocent party for a limited period only, not exceeding the period of the natural life of the latter, and

that the decree in the case now before us makes an absolute award of the homestead to the wife will now be given consideration. The judgment, as we have seen, decrees "that plaintiff have . . . possession of the real property described as parcel No. 1 of this decree together with all furniture, household goods and personal effects therein". It will be noted that the court only decreed that the wife shall have the possession of the parcel of land which had been selected as a homestead from the husband's separate property, without placing any limitation as to the length of time of said possession. Evidently she could not have possession of the property beyond the period of her natural life. While the language of the decree is not as clear as we would like it, we cannot say that the court intended to exceed its powers and award the homestead to the wife absolutely. The decree may fairly and reasonably be construed as giving to the wife the possession of the homestead during her lifetime. In the case of *Simpson* v. *Simpson*, 80 Cal. 237 [22 Pac. 167], the court had under review a decree of divorce whereby it purported to award to the wife the homestead in trust for the support of herself and children. In construing this decree the court held that the court had no statutory authority to create a trust in the homestead by a decree of divorce, but only to assign it to the innocent party absolutely or for a limited period. In its decision of the case the court applied a principle of interpretation which we think can well be held to be applicable to the decree in the instant action. In that case the court said (p. 241): "Another consideration tending to support the construction given to the decree is, that the law did not authorize the court to assign the homestead, or any equitable interest in it, to the children, nor to the wife *in trust* for any purpose; and in the absence of a reasonably clear expression to the contrary, the court must be presumed to have intended to act within the scope of its authority, and not to exceed it." Applying this principle of construction to the decree before us we cannot say that it definitely awarded the homestead to the wife absolutely or for any period of time beyond her lifetime, and in the absence of any reasonably clear expression of said intent, the court must be presumed to have intended to act within the scope of its authority and to award to the wife

the possession of the homestead during her lifetime only. We think this is the only reasonable construction to give the judgment in this case, and as so construed it met the requirements and limitations prescribed by the two sections of the Civil Code cited above.

The judgment is affirmed.

Waste, C. J., Thompson, J., Langdon, J., Seawell, J., and Shenk, J., concurred.