[No. 7,290.—In Bank.]
October 3, 1882.

## JOHN S. ORNBAUM v. HIS CREDITORS. *

HOMESTEAD OF INSOLVENT—POSSESSION OF HOMESTEAD.—Plaintiff, in A. D. 1867, filed a declaration of homestead upon one thousand one hundred acres of Government land. He at that time, and ever since, has resided on the land. He inclosed about three hundred acres of the land with a fence, and used the remaining portion for grazing. His neighbors also grazed the uninclosed portion, but at the same time recognized the land as plaintiff's. Some time about the year 1875, other parties entered, by permission of the plaintiff, as pre-emptors upon portions of the lands embraced in the declaration of homestead, and obtained titles to their respective claims from the United States, the plaintiff being a witness at the Land Office for each of said pre-emptors, all of whom afterwards conveyed their lands to the plaintiff.

*Held:* His residence within the inclosure, upon the facts found, was sufficient to make good his homestead claim to all the land described in the declaration.

BOUNDARY—MOUNTAIN.—A mountain or range of mountains is a definite boundary of land.

CONSTRUCTION OF DECLARATION OF HOMESTEAD.—The rule of construction, " *Ut res valeat magis quam pereat,*" applies to a declaration of homestead.

DESCRIPTION IN DECLARATION OF HOMESTEAD.—The Act of April 28, 1860, does not require a more particular description of the land in a declaration of homestead than is required in a deed of conveyance.

TENANCY IN COMMON—The finding of the Court to the effect that the plaintiff's neighbors had grazed cattle upon the uninclosed portion of the land described in the plaintiff's declaration of homestead in common with him, they at the same time recognizing the land as the plaintiff's, did not show a tenancy in common in the land.

FINDING—EVIDENCE.—Evidential facts have no proper place in the findings.

PRACTICE—NEW TRIAL.—The sufficiency or insufficiency of the evidence to sustain the findings of fact can not be reviewed on appeal from a judgment, no motion for a new trial having been made, and there being no statement or bill of exceptions disclosing the evidence on which the Court below acted.

APPEAL by the Santa Rosa Bank, a creditor of the plaintiff, from a judgment in the Superior Court of the County of Mendocino. McGARVEY, J.

Proceeding in insolvency. The facts are stated in the opinion of the Court.

*Thomas B. Bond,* for Appellant.

The claimant must actually reside upon and use the prem-

ises as a homestead when the declaration is filed. (*Cary* v. *Tice,* 6 Cal. 630; *Benedict* v. *Bunnell,* 7 id. 245; *Gregg* v. *Bostwick,* 33 id. 227; *Mann* v. *Rogers,* 35 id. 319, 320; *Prescott* v. *Prescott,* 45 id. 58; *Babcock* v. *Gibbs,* 52 id. 629; *Dorn* v. *Howe,* id. 635; *Aucker* v. *McCoy,* 7 P. C. L. J. 19; *Gambette* v. *Brock,* 41 Cal. 83; Thomp. on Homestead, 102, 103.

That Ornbaum did not have such possession as to maintain an action of ejectment or trespass against an intruder on the land outside of his inclosure, is settled by the following and many other cases of the Supreme Court of this State. (*Plume* v. *Seward,* 4 Cal. 97; *Polack* v. *McGrath,* 32 id. 21; *Wolfskill* v. *Malajowich,* 39 id. 276; *Lawrence* v. *Fulton,* 19 id. 690; *Cannon* v. *Union Lumber Co.,* 38 id. 675; *Le Roy* v. *Cunningham,* 44 id. 605.)

But can it be maintained that although Ornbaum did not have such possession of the land as to enable him to expel a trespasser, that nevertheless it was his homestead. Is it possible that the law of this State does not protect a man in the enjoyment of his home as against a naked trespasser? We do not claim that Ornbaum was a joint tenant, or a tenant in common, but we do say, that all he had is what is enjoyed and possessed by joint tenants and tenants in common; that his interest was much less than the interest of a joint tenant or tenant in common, and of a much more uncertain nature, and much more unfit for a homestead selection. If Ornbaum had any possession, it was not exclusive, but in common with others.

In a recent case this Court held that an undivided equitable interest in land could not be selected as a homestead under the law as it stood prior to March 9, 1868, and denied the right of homestead to a party (Green), because he did not not have the exclusive possession of the land. (*Rousset* v. *Green,* 54 id. 141.)

It is certain that Ornbaum did not have the exclusive possession of any of the land outside of his inclosure. (*Wolfe* v. *Fleischacker,* 5 Cal. 244; *Reynolds* v. *Pixley,* 6 id. 167; *Giblin* v. *Jordan,* 6 id. 417; *Kellersberger* v. *Kopp,* 6 id. 565; *Elias* v. *Verdugo,* 27 id. 425; *Seaton* v. *Son,* 32 id. 483; *Cameto* v. *Dupuy,* 47 id. 79; *Hihn* v. *Shelly,* 6 P. C. L. J. 740; *Rousset* v. *Green,* 54 Cal. 140.)

*Gillespie & Rogers,* for Respondent.

Cited, as to boundaries: Tyler on Boundaries, 182–189, 193, 209, 210, 284–5; 2 Pars. on Contracts, 500, and notes; Chit. on Contracts, 84, notes.

As to possession and use of homestead, they cited 33 Cal. 229; 37 id. 179.

Counsel for the plaintiff seems to think that Courts establish some arbitrary rule of certainty, and hold void all contracts and instruments that do not fulfill the conditions of that rule. In this he is supremely mistaken. The Courts always anxiously search for and endeavor to ascertain the intent and meaning of parties to an instrument, and never hold it void for ambiguity, until they first read it without effect by the light of all the surrounding circumstances. (3 Washb. on Real Prop. 349, 350; 2 Pars. on Contracts, 561; 2 Greenl. Ev., § 298.)

THORNTON, J.:

There is no error in this record. The Court finds the following facts:

"This is an application by plaintiff, a petitioner in insolvency, to have a homestead set aside, and the Court finds, from the evidence, that plaintiff is a married man, and was on April 29, 1867, and has ever since been.

"That on April 29, 1867, plaintiff filed and had recorded his declaration of homestead in the County of Mendocino; that the homestead was bounded as follows: On the north by Ranchera Creek; on the east by the ranches of Robert Stubblefield and Paddy Adams; on the south by what is known as Redwood Mountains, and on the west by Camp Creek. That said boundary embraced about eleven hundred acres. That at the time said declaration was filed the lands were Government lands of the United States.

"That plaintiff with his family, resided on said lands at the time he filed said homestead declaration, and has resided within said boundaries with his family ever since. That he inclosed with a fence about three hundred acres thereof. That he has at all times used the portion not inclosed for grazing. That the neighbors have also grazed the uninclosed

portion in common with plaintiff, but at same time recognized the lands as plaintiff's.

"That some time about the year 1875, some three or more persons took up pre-emption claims of one hundred and sixty acres each within said boundaries and occupied said pre-emption claims with permission of the plaintiff, proved up said claims at the land office, and obtained title thereto from the United States. The plaintiff was a witness for each of said pre-emptors at the land office.

"That plaintiff has since become invested with the title from said pre-emptors of the lands they pre-empted. That said lands do not exceed in value five thousand dollars." And upon these facts, ordered a decree for Ornbaum setting apart the homesteads, which was accordingly entered. The Court found all the facts essential to the constitution of a homestead. There was no motion for a new trial, and this appeal is from the judgment.

Now it is objected that Ornbaum had no actual residence on the land outside of his inclosure at the time the declaration of homestead was filed. His residence within the inclosure was sufficient upon the facts as found. He had title to and exercised control over all the land. The evidential facts inserted in the findings of fact (we refer to those as to the neighbors grazing the uninclosed portion, and the taking up of pre-emption claims on the land) have no proper place there, but they, with the other facts found, and which follow them in order in the findings, sustain the judgment of the Court.

The other objections are expressed as follows: 1. We think Ornbaum had no interest whatever in the land, but if he did, it was only a tenancy in common; and, 2. The premises were not particularly described in the declaration, as expressly required in the amendatory Act of April 28, 1860.

We do not think these objections are tenable. It is evident on the findings of fact that there was no tenancy in common, and as to the description, it would be sufficient to pass the land in a conveyance, and we do not think the Act of April, 28, 1860, (see Section 2 of said Act, Acts of 1860, p. 311), require a more particular description in a declaration of homestead than is required in a deed. It would be a novel prop-

osition of law in this State, that a mountain, or range of mountains, is not a definite boundary of land.   It is as much so as a tree, a rock, or a stream one half mile wide, in which the boundary would go *ad medium filum aquae*.   The boundary usually goes to the middle of the natural object named, except in the case of a range of mountains, when it goes to the comb, or dividing line of the ridge.   A deed is always construed *ut res magis valeat quam pereat*.   This rule applies to a declaration.   See *Roe* v. *Tranmarr*, 2d Smith's Lead. Cas., 511; Broom's Legal Maxims, 521–2–3.

We will add here that the paper in the transcript designated by the heading "Finding and decision of the Court," on pages 15 and 16 of the transcript, is the opinion of the Court, and does not belong properly to the record.   The findings of fact are on pages 17 and 18, and are inserted above.   The former paper, in our opinion, does not militate against the conclusion here reached.

At any rate there was no motion for a new trial, and no statement or bill of exceptions disclosing the evidence on which the Court below acted.   We can not therefore determine the sufficiency or insufficiency of the evidence to sustain the findings of fact.

The judgment is affirmed.   So ordered.

SHARPSTEIN, J., McKEE, J., and MORRISON, C. J., concurred.

MYRICK, J., dissenting:

This is an appeal from an order setting aside a tract of land as a homestead.   The tract contains about eleven hundred acres.   The declaration was filed April 29, 1867, and in it the premises claimed were bounded as follows: On the north by Rancheria Creek; on the east by the ranches of Robert Stubblefield and Paddy Adams; on the south by what is known as Redwood Mountains; and on the west by Camp Creek.   At that time the lands were Government lands of the United States. The findings of the Court are: That there were no definite or certain landmarks or boundaries dividing the lands of Ornbaum from the lands of the other persons named in the declaration except a mountain on one side about half a mile wide; that of the lands described in the declara-

tion about three or four hundred acres were inclosed by a fence, in which inclosure was the dwelling-house of Ornbaum; that several hundred acres of the land claimed was uninclosed public land of the United States, with no visible boundaries except as above stated; that the only right, title, interest, or possession which Ornbaum had in the uninclosed land at the time of the declaration was that he had some cattle, horses, and live stock running and grazing thereon with the live stock of all other persons who chose to occupy the land in the same manner; that the neighbors who grazed the uninclosed land in common with Ornbaum recognized the land as his; that Ornbaum resided with his family within the inclosure, and that no other person resided within the exterior boundaries of the land described; that about 1875 some three or more persons took up pre-emption claims of one hundred and sixty acres each within said boundaries and occupied the same, with permission of Ornbaum, he being a witness for each at the land office, proved up the claims, and obtained title from the United States, which title Ornbaum thereafter became invested with, and that the entire tract does not exceed in value five thousand dollars. Upon these findings of fact, the Court, as conclusion of law, found "that the said John S. Ornbaum had an actual possession of the land described in said declaration of homestead at the time said declaration was made and filed;" and thereupon the Court made its decree setting apart the entire premises as a homestead.

I think this was error. According to the findings of fact, Ornbaum was in possession of the inclosed premises only; he had not such possession of the uninclosed land as was requisite for a homestead. (Act of April 28, 1860; Stats. 1860, p. 311.) His neighbors were as much in possession as he; and each of them could with equal force have filed a declaration. The object of the law in protecting a homestead is, not to afford a place for carrying on business, whether stock-raising, carpentering, hotel-keeping, merchandising, or any other; the object is to afford a home, a residence for the family, and Ornbaum had by his inclosures ascertained and determined how much he deemed necessary or convenient for that purpose. It may be very convenient for stock-raising to have a tract of one thousand one hundred acres, but it does not ap-

pear that the claimant has placed himself in such a position as to have the whole tract set apart as a homestead. There may be cases where the claim may include lands not actually inclosed; for example, where the house is upon a portion of a well-defined lot in a town or city, or, where a party has title to a tract, a portion only of which is inclosed; or where the uninclosed lands are being cultivated; but I do not think the case at bar parallel with such cases. (*Gregg* v. *Bostwick,* 33 Cal. 220.)

The proofs required to be made by the parties who, in 1875, took up pre-emption claims of one hundred and sixty acres each within the boundaries (which proofs Ornbaum joined in making, and which pre-emptions were had with his consent), were entirely inconsistent with the theory that he (Ornbaum) was in possession. He could not have been in possession and yet have truthfully aided those parties in acquiring pre-emption rights. It is true the pre-emptions were had after he filed his declaration, but he had no other or further possession at the one time than at the other.

Upon the facts as found by the Court below the judgment should be reversed and the cause remanded for further proceedings; the homestead to be limited to the lands which were inclosed at the time of the filing of the declaration.