[Sac. No. 1261.   Department Two.—September 17, 1906.]

# T. B. JONES et al., Appellants, v. E. GUNN et al., Respondents.

FORECLOSURE OF MORTGAGE—PARTIES—WIFE HAVING HOMESTEAD CLAIM
—QUESTION OF VALIDITY.—If the wife of the mortgagor has a valid
homestead claim subject to the mortgage, she is a necessary party
to a suit for the foreclosure of the mortgage, else she is not
bound by the decree; but if her homestead claim is itself invalid,
the omission to make her a party is without significance.

ID.—INVALID HOMESTEAD CLAIM—INSUFFICIENT DESCRIPTION OF LANDS
CLAIMED—ESTIMATE OF CASH VALUE.—A homestead claim of a
wife which describes certain land, and claims also ''other lands,''
and ''all lands owned by her husband in said township'' referred
to in the description given, without any other description, is in-
sufficient in the description of other lands, and an estimate of the
actual cash value ''of said property'' includes the other lands not
properly described; and there being no separate estimate of the
cash value of the lands specifically described, the other lands cannot
be rejected as surplusage, but the claim must be declared invalid
for non-compliance with the Homestead Law.

ID.—ACTION BY HUSBAND AND WIFE TO QUIET TITLE—EVIDENCE—
JUDGMENT-ROLL IN FORECLOSURE SUIT—PROOF OF SERVICE—AMEND-
MENT OF RETURN.—In an action by the husband and wife to quiet
title against the purchaser under a foreclosure decree, where the
judgment-roll in the foreclosure suit contained an unsigned return
of service of summons upon the husband, the court properly ad-
mitted proof of the actual service of summons upon the husband,
by the oath of the former deputy sheriff who made the service,
and might then have admitted the judgment-roll in evidence with
correction of the defective return; and the plaintiffs' rights could
not be prejudiced by an order of the court allowing the former
deputy sheriff to amend his return *nunc pro tunc*, by filling out
the certificate in the name of the then sheriff by himself, though
his principal was dead.

ID.—RIGHT TO DISMISSAL UNDER CODE FOR WANT OF RETURN OF SERVICE
—CONSTRUCTION OF CODE.—Subdivision 7 of section 581 of the
Code of Civil Procedure requiring dismissal of an action for failure
to make return of service within three years must be construed to
apply to pending actions which are untried and not to actions
which have gone to judgment; and it cannot apply to an action
where service was actually made, trial had, and a judgment entered,
which has become final, and which was rendered within a year
after the commencement of the action.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial. H. M. Albery, Judge, presiding.

The facts are stated in the opinion of the court.

Maguire & Gallagher, for Appellants.

Warren Sexton, and F. C. Lusk, for Respondents.

HENSHAW, J.—This action was brought by plaintiff T. B. Jones and his wife, Mary Jones, to quiet title to certain lands described in their complaint. Defendants joined issue upon the allegations of the complaint, and asserted title in themselves under mortgage foreclosure proceedings and by adverse possession. Judgment passed for them and plaintiffs appeal. The undisputed facts are that Jones executed a mortgage upon the land to secure the repayment of $1,950. The mortgage was foreclosed, judgment was entered in favor of the mortgagee, an order of sale issued; the property sold, a certificate of sale given, and the sheriff's deed of the property executed and delivered in due course on February 12, 1891. On August 20, 1891, the defendants, claiming under this deed, entered into possession of the property, and the court found that they had remained in adverse possession of it ever since. While the sufficiency of their adverse possession is disputed, it is not questioned that during all the time subsequent to the date of the deed, they have paid all taxes levied and assessed on the land. In 1899 the plaintiff Mary Jones forcibly entered upon the possession of a dwelling-house upon the premises, and immediately thereafter brought this action to quiet title. Her contention has its foundation in the following facts: That subsequent to the giving of the mortgage she filed a good and sufficient claim of homestead upon the land in question, that in the foreclosure proceedings she was not made a party defendant, and that her homestead claim is still valid and subsisting. To foreclose the homestead right of the wife it was of course necessary that she should have been made a party, and it is unquestioned that this was not done. If, however, her claim of homestead was itself invalid, this omission was without significance. The

homestead claim filed by the wife was admitted in evidence, subject to the determination by the trial court of its legal sufficiency and validity, and the court decided that it was invalid. It expressed its views in an opinion, the clearness and cogency of which leave nothing to be desired, for which reason that opinion is here set forth at length and adopted:—

"I also incline to the opinion that no valid declaration of homestead was filed by the plaintiff Mary J. Jones.

"While it is true that homestead and exemption laws are remedial and, generally, must be liberally construed in order to effect the purposes intended thereby, yet it is equally true that homesteads and homestead exemptions are the creatures of statute, and that the failure to comply with any statutory requirement essential to a valid declaration of homestead cannot be supplied by liberal construction. Indeed, the supreme court of this state has generally held that homestead claimants must quite strictly comply with the statutory requirements as (formerly) to wife's acknowledgment (*Beck* v. *Soward,* 76 Cal. 530, [18 Pac. 650]); as to head of family' (*Reed* v. *Englehart-Davidson etc. Co.,* 126 Cal. 527, [77 Am. St. Rep. 206, 58 Pac. 1063]); as to residence on premises (*Boreham* v. *Byrne,* 83 Cal. 27, [23 Pac. 213]); as to statement of husband's failure to make declaration (*Cunha* v. *Hughes,* 122 Cal. 113, [68 Am. St. Rep. 27, 54 Pac. 535]); and as to estimate of the actual cash value of the premises, etc. (*Tappendorff* v. *Moranda,* 134 Cal. 421, [66 Pac. 491].)

"See, generally, cases cited in notes to sections 1237 and 1263 C. C., Pomeroy's edition.

"These requirements must all appear upon the face of the declaration, and the omission of any one of them from the declaration is fatal to the claim of homestead, and cannot be supplied by extraneous evidence. (*Reid* v. *Englehart-Davidson etc. Co.,* 126 Cal. 529, [77 Am. St. Rep. 206, 58 Pac. 1063].)

"Section 1263 C. C. by separate subdivision, provides that the declaration must contain a description of the premises, and this provision would seem to be as mandatory as any of the other provisions of said section.

"True, the declaration before us contains a description of premises, but does it contain a description of *the premises claimed* therein as a homestead?

"The declarant states that the land and premises on which she resided are described as follows: Lying in Butte County . . . 'being *with other land,*' . . . (describing land in sec. 30, tp. 22 N., R. 4 E.) *'and all lands owned by T. B. Jones in said township.'*

"Is this not a statement that the declarant claims as a homestead lands not specifically described? And is it a statement that she (declarant) claims the lands which are definitely described? The statement is not that the described lands are claimed, but that they *with other lands, and all lands in said township owned by T. B. Jones* are claimed as a homestead.

"No authorities are cited by counsel on either side, and presumably none have been found on this question.

"It has been held that the description in a declaration of homestead need not be more particular than in a conveyance (*Ornbaum* v. *Creditors,* 61 Cal. 455); also that it may contain more than one lot. Id. But will this meet the objection here made? The argument is made, and with a great deal of force, that the words in the attempted description, above quoted, are mere surplusage, and should be disregarded. But is the court at liberty to thus treat the matter?

"It would seem clear that the declarant claimed other lands than those specifically described, as the declaration claims as a homestead *'with other lands,'* the lands specifically described. This is emphasized by the concluding words, 'and all lands owned by T. B. Jones in said township.' (These words cannot refer to the lands described as it is expressly stated that they are in said township; and it is also alleged in the complaint that they are owned by plaintiffs.)

"This is not a case like *In re Ogburn,* 105 Cal. 97, [38 Pac. 498], in which the description clearly discloses the lands intended to be claimed, for, as stated, it is clear that the declarant intended to claim other lands; and it is alleged in the complaint that the plaintiffs in fact did own other lands in said township which are not specifically described in the declaration.

"The question is exasperating, for if the claim of 'other lands' is void, and if the words 'with other lands, . . . and all lands in said township,' can be disregarded, and the declaration be read as if those words did not appear therein, then

as regards description the declaration would seem to be sufficient to sustain the claim of homestead. But it does seem to me that the lands specifically described are not the lands claimed, but that they with other lands are claimed, and claimed in such a way that the court cannot say what lands are claimed in the declaration as a homestead. An examination of the homestead records would not disclose to a third party just what lands plaintiffs claim as a homestead.

"The question may also bear another aspect: Section 1263, C. C., provides that the declaration must contain an estimate of the actual cash value of the premises claimed. As already shown other lands than those definitely described were claimed as a homestead. Now if we omit the outside lands and disregard them under the objection to the descriptions, can we do so to the statutory requirement as to an estimate of the actual cash value of the premises?

"The declarant estimates the actual cash value of 'said property' to be $4,000. Can this be said to have reference exclusively to the land specifically described? Is this not an estimate of value upon *all* the property referred to in the declaration? T. B. Jones owned other lands in said township, and his wife claimed them, with the lands described, as a homestead.

"Can it be said, therefore, that the other lands did not enter into the estimate of value simply because they were not specifically described? It seems to me not.

"The estimate of value is not of said 'described premises,' but of 'said property.' It would seem that the words 'said property' have reference to all the property mentioned in the declaration whether specifically described or not, and hence that there is no estimate of value of the lands definitely described.

"As the question involves statutory requirements I do not believe that in holding that the declaration of homestead is invalid the court places too strict construction upon the provisions of our homestead laws."

Upon the trial the defendants offered the judgment-roll in the foreclosure suit of Gunn et al., *v.* Jones et al., and, over the objection and exception of the plaintiffs, this judgment-roll was admitted. The judgment-roll contained an unsigned

return of service upon the defendant T. B. Jones. Defendants, in offering the judgment-roll, proposed to prove, and did prove, by the witness who at the time was deputy sheriff of the county, that Jones actually had been served; that Jones had suffered default in the foreclosure action, and the judgment in foreclosure contained a recital that the default of the defendants was entered, it having been shown to the court that each of them had been regularly served by the process of the court. The date of service upon T. B. Jones was August 20, 1889. The summons, with the unsigned return indorsed thereon, was filed October 12, 1889. After proof of this actual service, which was not disputed, the court permitted the witness Patterson, who had been deputy sheriff at the time of the service, to complete the return of service by signing the name of his former principal as sheriff by himself as deputy, and so corrected, admitted the judgment-roll in evidence. As to this it is urged by appellants that such a correction was void, that the power of the deputy to bind his principal certainly ceased when that principal himself ceased to be sheriff, and that the signature of the deputy made some twelve years after was as meaningless as though the principal had been dead. Upon the part of respondent, it is argued that the act was merely a correction of the judgment-roll *nunc pro tunc* as of the time when the service was actually made, and of the time when the signature to the return should actually have been placed on the judgment-roll, and that the proceeding was wholly in consonance with the powers of the court to correct its records *nunc pro tunc* at any time to make them speak the truth. We need not, however, pause to consider this proposition, for the reason that the court had the unquestioned right to take evidence upon the fact of the service, since upon this fact, and not upon the return, the jurisdiction of the court in foreclosure depended, and if it found the fact of service to exist, as here it did, then to admit the judgment-roll in evidence, regardless of the defective return of service. In *Herman* v. *Santee,* 103 Cal. 519, [42 Am. St. Rep. 145, 37 Pac. 509], this court said: "The question then arises, did the court err in allowing the proof of service to be amended and filed *nunc pro tunc* as of the date of the judgment? Upon this subject, Mr. Freeman, in his work on Judgments (4th ed., sec. 89b), states the law

as follows: 'If the return upon the summons or other writ designed to give the court jurisdiction over the person of the defendant is omitted or incorrectly made, but the facts really existed which were requir_d to give the court jurisdiction, the weight of authority at the present time permits the officer to correct or supply his return until it states the truth, though by such correction a judgment apparently void is made valid.' " And in *Hibernia Sav. and L. Soc.* v. *Matthai,* 116 Cal. 426, [48 Pac. 370], the same rule is announced in the following language: "The court acquired jurisdiction of the appellant by the service of its process, and did not lose it by neglecting to make the proof of such service a matter of record (*Sichler* v. *Look,* 93 Cal. 600, [29 Pac. 290]); and a subsequent amendment of the record by supplying this proof of service is as effective to support the judgment as if it had been filed before its entry. (Freeman on Judgments, sec. 89b; *Allison* v. *Thomas,* 72 Cal. 562, [1 Am. St. Rep. 89, 14 Pac. 309]; *Perri* v. *Beaumont,* 88 Cal. 108, [25 Pac. 1109]; *Herman* v. *Santee,* 103 Cal. 519, [42 Am. St. Rep. 145, 37 Pac. 509].)

The evidence was before the court indisputably showing the fact of service. None of appellants' rights was impaired by the mode adopted by the court to show that such service was actually made. Whether the better procedure would have been to have cast the evidence of the deputy sheriff into the form of an affidavit, and to have attached that affidavit to the judgment-roll as proof of service, as was done in *Woodward* v. *Brown,* 119 Cal. 299, [63 Am. St. Rep. 108, 51 Pac. 2, 542], cannot matter to appellants, since in the course pursued by the court there was no invasion of any of their rights. And this is so because, when we come to consider the next proposition which they advance,—namely, the applicability of section 581 of the Code of Civil Procedure to the case before us,—the judgment-roll will be treated as though proof of service did not appear upon it.

Subdivision 7 of section 581 of the Code of Civil Procedure requires a court to dismiss an action upon failure of the plaintiff to cause the summons to be returned with proof of service within three years after the commencement of the action, and this, although the summons may have been actually served, and although the lapse of time until the return

may be but a few days after the expiration of the three years. Herein appellants place reliance upon *Modoc Land Co.* v. *Superior Court,* 128 Cal. 255, [60 Pac. 848]; *Siskiyou County Bank* v. *Hoyt,* 132 Cal. 81, [64 Pac. 118]; *Vrooman* v. *Li Po Tai,* 113 Cal. 302, [45 Pac. 470]; *White* v. *Superior Court,* 126 Cal. 245, [58 Pac. 450]. That such is the law as established by these cases there is no question. Previous to the enactment of subdivision 7 of section 581, an action could be dismissed if not prosecuted by the plaintiff with reasonable dispatch. It being thought that in its operation this law was unsatisfactory, as leaving too large a play for discretion in the minds of judges, the law as it now exists was enacted. Its very clear design therefore was to enable defendants to remove by dismissal and to make it compulsory upon courts to dismiss actions which, by the long delay in their prosecution, were thus to be conclusively presumed to have been brought and to have been left pending for purposes of vexation and harassment. Such was the condition presented in each of the above enumerated cases. The motions were addressed to pending actions which had never been brought to trial. Entirely different is the case at bar, where after commencement of the action, service of summons was made, the trial had, and a judgment, which has long since become final, was rendered within a year after the commencement of the action. That subdivision 7 of section 581 of the Code of Civil Procedure must be construed to apply to pending actions which are untried, and not to actions which have gone to judgment, is a conclusion demanded not only by the reasons which called the law into being, but by the extraordinary and absurd anomalies which would result from any other construction. Thus A commences his action against B, causes summons to be regularly served upon B, and the summons is returned and filed, but without proof of service. B makes default, proof of service and of the default is made before the court, and A obtains his judgment; all within sixty days after the commencement of his action. For two years and ten months thereafter that judgment is perfectly valid and enforceable, but at the expiration of two years and ten months, under appellants' contention, it would become, *ipso facto* void and without the power of the court to do aught but dismiss the

proceedings, notwithstanding the fact that there is no law which limits the time when a court may, by *nunc pro tunc* order, correct its judgment. Such a construction was as surely not within the contemplation of the lawmakers, as it is clearly not within the reason which called section 581 into being.

For the foregoing reasons the judgment and order appealed from are affirmed.

Lorigan, J., and McFarland, J., concurred.