[Sac. No. 1632. Department Two.—September 4, 1908.]

## JAMES DONNELLY, Appellant, v. ELIZABETH J. TREGASKIS, Respondent.

HOMESTEAD—SUFFICIENCY OF DESCRIPTION.—A description of the premises such as will serve to identify the property is essential to a valid declaration of homestead.

ID.—REFERENCE TO OTHER INSTRUMENT.—Where the description is dependent for its sufficiency upon some other instrument, such as a map, the map, properly identified, must be produced, or in some manner established, or the description will fail. To make a sufficient description, however, it is not necessary that the deed should refer to a map actually of record.

ID.—ADVERSE POSSESSION OF HOMESTEAD—DEED FROM WIFE.—Where a husband, by a deed in which the wife does not join, conveys the property on which a homestead has been declared to her, and she subsequently deeds the property to a third person. who immediately enters into possession, such possession so taken under the deed from the wife, maintained for the statutory time and under statutory conditions, may ripen into a title by adverse possession.

ID.—HOMESTEAD MAY BE LOST BY ADVERSE POSSESSION.—Adverse possession for the requisite time and character will extinguish a homestead.

APPEAL from a judgment of the Superior Court of Solano County. L. G. Harrier, Judge.

The facts are stated in the opinion of the court.

Paul C. Harlan, for Appellant.

Frank R. Devlin, for Respondent.

HENSHAW, J.—Plaintiff brought this action to quiet title to a lot of land in the city of Vallejo. Upon January 7, 1869,

plaintiff and his wife were living upon the property in question under a contract of purchase, and subsequently the purchase was completed. Upon that date the wife executed a declaration of homestead upon the property, which was recorded upon the eleventh day of the same month. Differences arose between plaintiff and his wife, and in 1891 he executed a deed to her of all his interest in the property, she paying him a money consideration therefor. He left California and took up his residence in the city of New York. Subsequently his wife instituted an action for divorce, and service of summons upon the husband was obtained by publication. She secured her divorce upon September 20, 1897. The affidavit of service by publication declared that the defendant (this plaintiff) resided at No. 695 First Avenue, New York City, state of New York. The return of service showed that a copy of the summons, attached to a true copy of the complaint, had been deposited in the post-office, directed to "James Donnelly, the said defendant, at No. 695 5th Avenue, New York City, New York." In the decree awarding Mrs. Donnelly her divorce, the property here in controversy was set apart to her. On the fifth day of October, 1897, Mrs. Donnelly executed to this defendant a deed to the property, receiving therefor its full monetary value. Mrs. Tregaskis has remained in possession of the property ever since, claiming it against the world, her possession being undisputed until this action was commenced, November 22, 1905. Appellant bases his claim to the property upon his construction of the provisions of section 1474 of the Code of Civil Procedure, and section 4 of the Homestead Act, as amended in 1862, [Stats. 1862, p. 519], the provisions of which laws he contends give him, as the survivor of the marital community, the absolute title to the homestead. In this connection he argues that the decree of divorce was void for insufficiency of proof of service appearing upon the face of the judgment-roll as above noted, that the homestead character impressed upon the land was not destroyed and could not be destroyed excepting by joint act of the parties, and that it remained in full force and effect, notwithstanding his deed to his wife and her deed to this defendant.

All of this presupposes the recordation of a valid declaration of homestead. If, however, the declaration of homestead

was invalid, so that the property did not become a homestead, then, indisputably, appellant's deed to his wife divested him of all title to the property, regardless of the court's award to her of the property in the divorce proceeding. The declaration of homestead made by the wife set forth that she resided with her family "on the lot of land and premises situate, lying and being in the city of Vallejo, county of Solano, state of California, bounded and described as follows, to wit: being lot No. 14 in block No. 266, according to the map of said Vallejo made by C. W. Rowe, surveyor." A description of the premises is required by the code as an essential to a valid declaration of homestead. (Civ. Code, sec. 1263; *Jones* v. *Gunn*, 149 Cal. 687, [87 Pac. 578].) A description of the premises necessarily means such description as will serve to identify the property. To uphold homesteads, which are favored by the law, great liberality in this respect will be allowed, but the rule nevertheless obtains in full force, that the description must be sufficient so that the property may be identified in some legitimate manner. Here the sole description of the property is that it is a numbered lot in a numbered block in the city of Vallejo, which numbered lot and block are located solely by reference to "a map of said Vallejo made by C. W. Rowe, surveyor." No such map was produced in evidence, and the negative was shown by the defense to the effect that no such map was of record. In the absence of the production and identification of the map, it would be impossible for any person to locate the premises sought to be described. It differs essentially in this respect from the description considered by this court in the *Matter of the Estate of Caroline Ogburn*, 105 Cal. 95, [38 Pac. 498]. There the location of the land was fixed as "being the western part of lot No. 5 of said village as laid out by F. S. Freeman's division of said village, the same being thirty-seven feet front on Main Street of said village, and extending back with parallel lines one hundred and ninety feet deep, it being a part of the southeast quarter of section 21, in township No. 10, of range 2 east." There, besides the reference to the map, the size of the lot is given, its location upon Main Street fixed, and its *situs* as a part of a government subdivision set forth with particularity. In this discussion we do not mean to be understood as holding that to make a sufficient descrip-

tion a deed must refer to a map actually of record. We do mean, however, to declare the unquestioned rule that where a description is dependent for its sufficiency upon some other instrument, such as a map, the map, properly identified, must be produced, or in some manner established, or the description must fail. So it is said in *Caldwell* v. *Center*, 30 Cal. 540, [89 Am. Dec. 131] : "Although the parties to a deed may describe the property therein conveyed, by a reference therein to another deed or map which contains a description, yet the deed and the instrument referred to when taken together, must be as certain in respect to the description, as a description contained in the deed itself." So in *Cadwalader* v. *Nash*, 73 Cal. 45, [14 Pac. 385], it is said: "The deed and the map or instrument, however, when taken together, must be as certain in respect to the description as a description contained in the deed itself, and the identity of the map referred to, must be clearly established."

But, upon another consideration, equally beyond question, the judgment of the trial court was sound. The defendant pleaded title by adverse possession and the statute of limitations. These pleas were abundantly supported by evidence. As against them, appellant argues that the decree of divorce being void, the wife's possession was his possession, and that the wife's deed to this defendant under which she entered, being based upon a void decree, would not serve to initiate an adverse possession under section 323 of the Code of Civil Procedure. But this defendant founded her claim upon a written instrument—a deed—and took possession of the property under this instrument, the wife at the time indisputably having legal title to the property and (assuming a valid homestead) having power to convey this legal title, subject to the homestead. There can be no doubt that such a deed afforded even more than color of title. The deed was immediately recorded and possession was taken under it. That possession so taken under such a deed, maintained for the statutory time and under statutory conditions, can ripen into a title by adverse possession may not be questioned, and, indeed, has been decided in *McCormack* v. *Silsby*, 82 Cal. 72, [22 Pac. 874], where it is adjudicated that adverse possession for the requisite time and character will extinguish a homestead.

For which reasons the judgment appealed from is affirmed.

Lorigan, J., and Shaw, J., concurred.

Hearing in Bank denied.