[Sac. No. 2243.   Department One.—November 15, 1915.]

C. R. GUERNSEY, as Trustee in Bankruptcy of E. W. Douglas, Respondent, v. NELLIE DOUGLAS and E. W. DOUGLAS, Appellants.

BANKRUPTCY—INVALID HOMESTEAD—FRAUDULENT CONVEYANCE.—In an action by the trustee of a bankrupt to set aside a deed from the bankrupt to his wife of, and to declare invalid a homestead declared on, five adjoining lots, a judgment that the homestead was invalid as to the four lots not built·upon is supported by the findings that at the time the declaration of homestead was filed the defendants resided in the house situated on one of the lots, and that that lot was sufficient in size for the convenient use and enjoyment of the house as a home, that they never resided on the four other lots, and that neither said four other lots nor any part thereof were then or ever necessary for the use and enjoyment of the house or home on the other lot.

ID.—FINDINGS—USE OF ADJOINING LAND AS HOMESTEAD—FINDINGS SUPPORTED BY EVIDENCE.—The findings above set forth are supported by the evidence which showed that the five lots were uninclosed; that the lot built upon was 50 by 150 feet in size, and that the house was located thereon at a place suitable for use in connection with that lot and that it could be conveniently used as a home without the other lots; that no use was made of the other lots in connection with the house, and that the bankrupt occasionally threw tools on the other lots, pastured his horse thereon, and cut wild grass for feed; that this use was for the purposes of his trade rather than of the home, and that it occurred after the filing of the declaration of homestead.

ID.—FRAUDULENT INTENT—FINDINGS SUPPORTED BY EVIDENCE.—A finding that the conveyance was made with fraudulent intent is supported by the evidence, which showed that the consideration for the conveyance was $10, which was not paid as a price, but because it was deemed necessary to make the deed "legal," and that the deed was made because the grantor feared that creditors were about to attach the property, rather than as a voluntary gift.

ID.—DISCHARGE OF BANKRUPT—RIGHT OF TRUSTEE TO RECOVER PROPERTY.—A discharge in bankruptcy does not affect the right of the trustee to recover property fraudulently conveyed by the bankrupt, unless it is shown that all the debts and expenses have been paid.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellants.

Gordon A. Stewart, for Respondent.

SHAW, J.—This is an action by Guernsey, as trustee in bankruptcy of E. W. Douglas, under the Bankrupt Act of the United States, against Douglas and his wife, to set aside a deed from Douglas to his wife for five lots near Stockton, and to vacate a declaration of homestead thereon afterward filed by the wife. The court decided that the homestead was valid as to one of the lots, being the lot numbered 8, on which Douglas had built a house in which he and his wife at the time resided, but that it was invalid as to the other lots, being the lots numbered 5, 6, 7, and 9, and further, that the deed was made to the wife with intent to hinder, delay, and defraud the creditors of Douglas, that it was made within four months before the filing of the petition in bankruptcy by Douglas, and that it was not made for a present, fair, or valuable consideration. Judgment was given in favor of the plaintiff as prayed for as to the four lots last mentioned and in favor of the defendant as to the lot numbered 8. The defendants appeal from the judgment.

Subdivision (e) of section 67 of the Bankrupt Act of the United States [U. S. Comp. Stats. 1913, sec. 9651; Fed. Stats. Ann. 1912, p. 792], provides that all conveyances of his property by a person adjudged a bankrupt, made within four months prior to the filing of his petition in bankruptcy, with intent to hinder, delay, or defraud his creditors shall be null and void as against creditors, except as to purchasers in good faith and for a present fair consideration, and that the property so conveyed, if not exempt from execution, remains a part of his assets and may be recovered by the trustee.

The contention of the appellants to the effect that homestead property is exempt from execution and, therefore, under the Bankrupt Act, does not pass to the trustee or become assets of the bankrupt's estate, is completely answered, so far as the findings are concerned, by the statement therein that the homestead declaration is invalid as to the four lots recovered by the trustee.

The conclusion that the homestead was invalid as to these lots is based upon findings that at the time the declaration

of homestead was filed the defendants resided in the house situated on lot 8, that said lot was sufficient in size for the convenient use and enjoyment of such house as a home, that they never resided on the other four lots, and that neither said four lots nor any part thereof were then or ever necessary for the use and enjoyment of the house or home on lot 8. These findings fully support the conclusion that the homestead character did not attach to these four lots. (*Gregg* v. *Bostwick*, 33 Cal. 228, [91 Am. Dec. 637].) In that case the court says: "Whatever is used—being either necessary or convenient—as a place of residence for the family, as contradistinguished from the place of business, constitutes the homestead, subject to the statutory limit as to value," and further on page 229, "the premises to be described in the declaration are such and only such as the parties are residing upon and using as a homestead at the time their declaration is made. If more is included, it will not for that reason become a part of the homestead, and, therefore, exempt from execution, notwithstanding the whole may be less than five thousand dollars in value." The entire property here involved was valued at two thousand five hundred dollars.

It is contended that the above findings are contrary to the evidence. The five lots were uninclosed. Lot 8 was 50 by 150 feet in size. The house was located thereon at a place suitable for use in connection with that lot, and it could be conveniently occupied and used as a home without the other lots, which adjoined the same. No use was made of the other four lots in connection with the home. Douglas, who was a painter by trade and who had for use in his trade painters' tools and a horse, sometimes threw the tools on the other lots, and at times he pastured the horse thereon. He also occasionally cut for horse-feed some wild grass growing thereon. This use, however, was for purposes of his trade rather than in connection with his home. It all took place after the filing of the declaration of homestead. No other facts relating to the character of the use of the four lots appear from the evidence. We cannot say that the findings aforesaid are not within the fair inferences arising from the facts above related.

It is also claimed that there is no support in the evidence for the finding regarding the fraudulent intent of Douglas in making the conveyance. We cannot sustain this claim. The

evidence of the defendant, as a whole, indicated that the only consideration really given for the conveyance was the sum of ten dollars paid to him at the time by his wife, and that this was not paid as a price for the property, but for the reason that they deemed it necessary to make such payment in order to make the deed "legal," as he termed it, and that the deed was not made as a spontaneous transaction or voluntary gift, but, because he feared that his creditors were about to attach the property. From all this the fraudulent intent was deducible.

The discharge in bankruptcy could have no effect on the right of the trustee to recover property unless it was shown that all the debts and expenses had been paid. There is no claim that such was the case.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.