[Civ. No. 1055. Fourth Appellate District.—August 15, 1934.]

S. D. CAREY et al., Appellants, v. WM. DOUTHITT, etc., et al., Respondents.

Hickcox, Trude & Robertson for Appellants.

C. L. Brown for Respondents.

BARNARD, P. J.—The respondents, as joint tenants, owned lots 7 and 10 of Crawford's Subdivision No. 1, ac-

cording to the map thereof recorded in Imperial County, and resided in a house situated upon lot 10 while the respondent husband conducted a junk business upon lot 7. In another action brought by these appellants against the respondent husband and another party, a writ of attachment was levied upon lot 7 of said property on May 19, 1931. On May 25, 1931, the respondent wife executed, acknowledged and recorded a declaration of homestead upon lot 7 alone. On June 5, 1931, a judgment in the action referred to was entered in the Superior Court of Imperial County and the same was duly entered in the judgment book and a transcript thereof recorded in the office of the county recorder. Thereafter, the present action was begun by these appellants for the purpose of determining what portion of the said lots 7 and 10 was subject to the lien of the judgment and for the purpose of quieting title to such portions thereof as might be found subject to the lien of said judgment. In their answer these respondents alleged that it was their intention and purpose to declare a homestead upon both lots and that the respondent wife had inadvertently omitted any reference to lot 10 in the declaration of homestead filed by her. Among other things, the court found as follows:

"That at the time of the filing of said declaration of homestead the said Edna Douthitt intended to claim said lot ten on which their dwelling house and other improvements were located, and on which she and her said family were actually living as their home, as well as lot seven, but through mistake and inadvertence she named in her said declaration only said lot seven. That she ought to be allowed to make and file an amended declaration as and of the date when her declaration was originally filed with said lot ten described therein, and added thereto."

"That at the time of the commencement of said action by plaintiff against said Will H. Douthitt and George W. Lindsay until and at the time of the issuance and levy of the attachment therein on lot seven and at all times subsequent thereto, said plaintiffs in said action, had reasons to know and did know, that said Edna Mary Douthitt and her said family actually resided wholly upon said lot ten and that at all times subsequent to the filing of said declaration of homestead the said plaintiffs had reason to know

and did know, that the said Edna Mary Douthitt had inadvertently made a mistake in the omission of said lot ten from said declaration of homestead.''

A judgment was entered permitting the respondent wife ''to execute and file her amended declaration of homestead in her own behalf and in behalf of her said family, upon said lots 7 and 10, and as of the date of the execution and filing for record of her said declaration of homestead on said lot 7'' and decreeing that the judgment which had been secured by these appellants attached to and upon an undivided one-half interest in said lot 7, and that the same did not affect any part of the said lot 10. From this judgment and decree this appeal is taken upon the judgment roll alone.

The appellants contend that the findings do not support the judgment and that the court erred in deciding that a declaration of homestead may be amended by adding other land thereto after a judgment lien has attached to the additional land.

 It is well settled that the statutory provisions relating to the manner in which a homestead right may be acquired are mandatory (*Bullis* v. *Staniford,* 178 Cal. 40 [171 Pac. 1064]). A declaration of homestead must contain a description of the premises in connection with which the right is claimed (Civ. Code, sec. 1263). The statutory requirements must be strictly complied with and the provision that a declaration of homestead must contain a description of the property upon which a homestead is claimed is as mandatory as any of the other provisions of the section (*Jones* v. *Gunn,* 149 Cal. 687 [87 Pac. 577]). The sufficiency of a declaration of homestead must be determined from the statements expressly made therein and cannot be affected by any secret intentions which may have been in the mind of the claimant. ''The legislature has prescribed certain formalities and conditions which are essential to the 'selection' of a homestead and these formalities and conditions cannot be disregarded by courts'' (*Reid* v. *Englehart-Davidson etc. Co.,* 126 Cal. 527 [58 Pac. 1063, 77 Am. St. Rep. 206]).

 In *Jones* v. *Gunn, supra,* the court said: '' 'While it is true that homestead and exemption laws are remedial and, generally, must be liberally construed in order to effect

the purposes intended thereby, yet it is equally true that homesteads and homestead exemptions are the creatures of statute, and that the failure to comply with any statutory requirement essential to a valid declaration of homestead cannot be supplied by liberal construction.'' Much less may a homestead exemption be created by judicial decree for a particular parcel of land, in the absence of compliance with any one of the statutory requirements in so far as that parcel is concerned. At the time the appellants' judgment became a lien on the respondent husband's interest in lot 10, no homestead exemption applied thereto as a result of the declaration filed, and it follows that the situation could not be changed by an order of court purporting to permit the filing of an amended declaration with retroactive effect.

While there is no definite finding on the subject, apparently lot 7 was not such a part of the premises used for home purposes as to be available for a homestead declaration.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.