[Civ. No. 21307.  Second Dist., Div. One.  Jan. 11, 1956.]

CLEM S. OKTANSKI et al., Respondents, v. BYARD P. BURN et al., Appellants.

Archie G. Cope, E. O. Leake, and J. J. Leake for Appellants.

Jack E. Grisham for Respondents.

DORAN, J.—The respondents Oktanski instituted the present proceeding for the purpose of restraining the sale of certain real property located in Long Beach under a writ of execution issued on a municipal court judgment in an action by appellants Burn against the Oktanskis, on the ground that the property in question is a homestead. An order to show cause and temporary restraining order were issued; defendants filed a general demurrer and affidavits in opposition, and at the hearing a preliminary injunction was issued restraining the execution sale.

It is appellants' contention that "The complaint does not state facts sufficient to constitute a cause of action"; that "The affidavits of Jack E. Grisham and Clem S. Oktanski do not contain facts sufficient to justify or support the issuance of a temporary restraining order and preliminary injunction"; and that "The uncontradicted facts set forth in the affidavit of Archie G. Cope in opposition to the order to show cause establish that the issuance of the preliminary injunction was erroneous."

The complaint sets forth the entry of judgment on November 5, 1954, issuance of execution thereon in the amount of $2,057.54, and notice of sale under execution of plaintiffs' property described as "Lot 7, Tract 1951, recorded in Book 21, Page 85 of Maps, records Los Angeles County, known as 740 Junipero Avenue, Long Beach, California." It is further alleged "That on or about the 18th day of April, 1955, the plaintiffs did cause to be filed in said Case No. 81800, a Notice of Homestead and first Trust Deed which said notice is attached hereto"; that "said homestead exemption was executed on August 5, 1953 and was recorded on August 6, 1954"; and that notwithstanding said notice, the defendants are proceeding with the execution sale and will complete the sale unless restrained. The attached notice describes the property as "located at 740-742 Junipero Avenue, Long Beach, California," no lot or tract number being given.

In support of the issuance of an injunction the affidavit of respondents' attorney, Jack E. Grisham, avers the filing of the notice of homestead and defendants' intention to proceed with the sale. The respondent Oktanski makes affidavit as to execution of a "declaration of homestead covering the property known as 740 Junipero Avenue, Long Beach, California, which is the property that said Sheriff proposes to sell under execution."

In opposition, appellants' attorney, Archie G. Cope, makes

affidavit to the effect that respondents' declaration of homestead described the property as "740-742 Junipero Avenue; or as Lots 1877 and 1878 of Tract Number 5134"; that Lots 1877 and 1878 were located at 301 Plenty Street, in Long Beach, and were owned by the respondents, and that 740-742 Junipero Avenue was properly described as Lot 7, Tract Number 1951. Appellants therefore claim that the "alleged Declaration of Homestead was void for uncertainty in description and was not sufficient to establish any homestead rights" in Lot 7, Tract Number 1951. This affidavit is uncontradicted.

As said in *Greenlee* v. *Greenlee*, 7 Cal.2d 579, 583 [61 P.2d 1157], "The homestead laws have always been given a most liberal construction in order to advance their beneficial objects and to carry out the manifest purpose of the legislature." In the instant case Mr. and Mrs. Oktanski complied with the statutory requirements, and the declaration of homestead correctly described the property as "740-742 Junipero Avenue" in Long Beach. The only inexactitude therein lies in the fact that, following the semicolon after the said street address, the declaration also states, "or as Lots 1877 and 1878 of Tract Number 5134," which was an incorrect legal description of Number 740-742 Junipero Avenue. The property was further identified as a duplex.

It is conceded in appellants' brief that "the street address alone would be sufficient as a description for the purpose of homestead," but it is contended that here "we have two complete descriptions of two entirely different properties"; for which reason the declaration is fatally defective. To adopt appellants' reasoning, however, would tend to defeat rather than to "advance their beneficial objects and to carry out the manifest purpose of the legislature," under the rule expressed in *Greenlee* v. *Greenlee*, 7 Cal.2d 579, 583 [61 P.2d 1157].

It is true that a valid homestead declaration should contain a reasonably correct description, but it is not true that absolute perfection is required. In the instant case the street number is correctly given and no one could be misled by believing that any property was intended other than 740-742 Junipero Street. Such being the case, any inaccuracy thereafter occurring, can be safely disregarded as surplusage, and the objection thereto becomes specious.

Errors of description are not infrequently discovered in conveyances and other documents relating to real property.

█ The only purpose of a description is to reasonably identify the property intended, and the description in a homestead declaration need not be more particular than in a conveyance. (*Jones* v. *Gunn*, 149 Cal. 687 [87 P. 577].) "To uphold homesteads, which are favored by the law," says the reviewing court in *Donnelly* v. *Tregaskis*, 154 Cal. 261, 263 [97 P. 421], "great liberality in this respect (description) will be allowed."

Appellants' contention is that the declaration apparently covered two different parcels, and that it cannot be determined which was intended. As hereinbefore indicated, the argument is untenable. Since only one street address is given, it seems obvious that this is the property intended.

█ Even where a declaration of homestead covers premises in addition to those occupied as a home, such fact does not invalidate the declaration as to the premises properly included therein. (*King* v. *Gotz*, 70 Cal. 236 [11 P. 656].)

A reasonable interpretation of the complaint leads to the conclusion that sufficient facts are stated to constitute a cause of action. The case has not, as yet, been heard on the merits; the order appealed from is one granting a temporary injunction against proceeding with the execution sale. In granting such injunction, the trial court had before it all facts and circumstances connected with the controversy, and after due consideration, ruled against the appellants' contentions. █ As stated in *Isthmian S. S. Co.* v. *National Marine etc. Assn.*, 40 Cal.2d 433, 435 [254 P.2d 578], "Whether a preliminary injunction shall be granted rests largely in the discretion of the trial court and will not be reversed on appeal unless there is a manifest abuse of discretion." In the instant case, the record fails to disclose any such abuse.

The order is affirmed.

White, P. J., and Fourt, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 8, 1956.