Joseph **ESTEN**, Appellant,

v.

Crules R. **CHEEK**, Trustee in Bankruptcy of the Estate of Joseph Esten, Bankrupt, Appellee.

No. 15578.

United States Court of Appeals Ninth Circuit.

April 21, 1958.

Phill Silver, Hollywood, Cal., for appellant.

Leslie S. Bowden, Los Angeles, Cal., for appellee.

Before FEE and BARNES, Circuit Judges, and HAMLIN, District Judge.

HAMLIN, District Judge.

Joseph Esten, appellant herein, filed his petition in bankruptcy on September 19, 1955, and was adjudged a bankrupt on said date. In Schedule B-4 of his Petition in Bankruptcy Esten listed an equity of $10,500 in real property, with improvements thereon, located at 1349 South Mansfield Street, Los Angeles, California. In Schedule B-5 of said petition Esten claimed a homestead exemption in said real property under the provisions of Sections 1260 to 1265, inclusive, of the West's Ann.Civil Code of California. On April 24, 1956, the Trustee in Bankruptcy, appellee herein, filed his report of exempt property, in which the Trustee refused to set aside as exempt the real property located at 1349–1351 South Mansfield Avenue, Los Angeles, California, stating as the ground for such refusal that no valid declaration of homestead had been recorded with the County Recorder of Los Angeles County.

The evidence disclosed that on April 15, 1955, there was filed with the County Recorder of said county a Declaration of Homestead, executed by Anna Esten, the wife of the bankrupt, and that in said Declaration of Homestead the real property claimed by the bankrupt as exempt was described as "Lot *104*, Tract No. 5069, as per map recorded in Book 56, Pages 82 to 85, of the Maps in the office of the County Recorder of said County." The true description of said property is "Lot *204*, Tract No. 5069, as per Map recorded in Book 56, Pages 82 to 85, of the Maps in the office of the County Recorder of Los Angeles County." It is assumed that the declaration is faulty on this one point only and in all other respects conforms to California statutes since its validity is contested only as to the description. A declaration by the bankrupt's wife inured to his benefit because she made the declaration for their joint benefit, which is permissible under the statute. Calif.Civ. Code, § 1263.

On May 10, 1956, the bankrupt filed in the Bankruptcy Court his written ob-

jection to the Trustee's Report, containing a prayer that the property in question be declared to be exempt. Apparently no action was thereafter taken until October 10, 1956, on which day the bankrupt filed a petition for "order to show cause why Declaration of Homestead on real property of bankrupt should not be reformed to correct clerical error." The Referee in Bankruptcy issued the prayed-for order to show cause and, after hearing, made findings of fact showing the facts as set out hereinabove to be true, and also the following:

"(2) That it is true that it was the intention of your petitioner and his wife to declare a homestead upon Lot 204, Tract 5069 as per map recorded in Book 56, pages 82 to 85 of the Maps in the office of the County Recorder of Los Angeles County;

"(3) That it is true that it is necessary that the description in the Homestead should be amended, conformed and corrected so as to read: Lot 204, Tract 5069, as per map recorded in Book 56, pages 82 to 85 of Maps in the office of the County Recorder of Los Angeles County."

In addition, the Referee made the following conclusions of law:

"(1) That Joseph Esten, Bankrupt, is entitled to a Judgment of Reformation of the Declaration of Homestead executed by Anna Esten on April 18, 1955, and recorded in the office of the County Recorder on said date, reforming and correcting the description therein according to the real intent of the parties to read as follows: Lot 204, Tract 5069, as per map recorded in Book 56, pages 82 to 85 of Maps in the office of the County Recorder of Los Angeles County, also described as 1349–1351 South Mansfield Avenue, Los Angeles, California. * * *

"(3) That Joseph Esten, the bankrupt, is entitled to an Order direct-ing the Trustee, Crules R. Cheek, to prepare and file an Amended Report of exempt property, setting aside as exempt to the bankrupt the property described as Lot 204, Tract 5069, as per map recorded in Book 56, pages 82 to 85 of Maps in the office of the County Recorder of Los Angeles County; also described by street and number as 1349–1351 South Mansfield Avenue, Los Angeles, California."

The Referee in Bankruptcy made his judgment that the Declaration of Homestead executed by the wife of the bankrupt upon April 15, 1955, and recorded on said date "be and the same is hereby reformed and corrected according to the real intent of the parties so that the description therein shall read as follows: Lot 204, Tract 5069, as per map recorded in Book 56, pages 82 to 85 of Maps in the office of the County Recorder of Los Angeles County; also described as 1349–1351 South Mansfield Avenue, Los Angeles, California."

The Trustee of the bankrupt estate filed a petition for review by the District Court. The Judge of the District Court held that the Declaration of Homestead could not be thus reformed, and reversed the order of the Referee in Bankruptcy. The appeal to this Court is from the order of the District Court which reversed the Referee's order of reformation. The appeal is timely taken.

◼ Section 6 of the Bankruptcy Act declares that allowance of exemptions which are prescribed by State law shall be recognized (11 U.S.C.A. § 24) and State law will determine the right to the exemption. Gratton v. Trego, 8 Cir., 1915, 225 F. 705, 707; Turner v. Bovee, 9 Cir., 1937, 92 F.2d 791.

◼ Under California Civil Code, § 1263, a declaration of homestead must contain *inter alia*, "(3) A description of the premises;"[1] Appellant contends that

---

1. "§ 1263. The declaration of homestead must contain:

"1. A statement showing that the person making it is the head of a family, and

the homestead declaration filed prior to the petition in bankruptcy was a substantial compliance with the requirement that a Declaration of Homestead shall describe the premises, and that the California cases require that in determining whether there was a substantial compliance that the rule of liberal construction applies to a Declaration of Homestead. We believe that the rule of liberal construction in this matter exists in California and that it has been so declared in many cases. Donnelly v. Tregaskis, 154 Cal. 261, 97 P. 421; Johnson v. Brauner, 131 Cal.App.2d 713, 281 P.2d 50, and the cases cited therein; Simonson v. Burr, 121 Cal. 582, 54 P. 37; Greenlee v. Greenlee, 7 Cal.2d 579, 61 P.2d 1157; Feintech v. Weaver, 50 Cal. App.2d 181, 122 P.2d 606; and others.

Thus the California cases have upheld the validity of a homestead (1) where the property was identified by a proper street address but with an incorrect Lot and Block description added thereto, Oktanski v. Burn, 138 Cal.App.2d 419, 291 P.2d 954; (2) where the declaration failed to contain the statement required by the statute that "she (the wife) therefore makes the declaration for their joint benefit," Johnson v. Brauner, supra [131 Cal.App.2d 713, 281 P.2d 52]; (3) where the homestead was filed on five lots and the Court held the homestead was valid as to one of the lots, Guernsey v. Douglas, 171 Cal. 329, 153 P. 227; (4) where incorrect description of 160 acres of land in the declaration was followed by "said homestead known by the name of 'Geary's Ranch,'" In re Estate of Geary, 146 Cal. 105, 79 P. 855; and in other similar cases.[2]

In this case certain property was correctly described on which the declarant did not reside. The statement of the declarant that she was residing on the property described was not true. The declarant resided on "Lot 204" and not on "Lot 104".

■ "The sufficiency of the declaration of homestead must be determined from the statements expressly made

---

if the claimant is married, the name of the spouse; or, when the declaration is made by the wife, showing that her husband has not made such declaration and that she therefore makes the declaration for their joint benefit;

"2. A statement that the person making it is residing on the premises, and claims them as a homestead;

"3. A description of the premises;

"4. An estimate of their actual cash value;

"5. Such declaration of homestead may further contain a statement of the character of the property sought to be homesteaded, showing the improvement or improvements which have been affixed thereto, with sufficient detail to show that it is a proper subject of homestead, and that no former declaration has been made, or, if made, that it has been abandoned and if it contains such further statement and the declaration is supported by the affidavit of the declarant, annexed thereto, that the matters therein stated are true of his or her own knowledge, such declaration, when properly recorded, shall be prima facie evidence of the facts therein stated, and conclusive evidence thereof in favor of a purchaser or encumbrancer in good faith and for a valuable consideration."

**2.** But cf.: Lynch v. Stotler, 9 Cir., 1954, 215 F.2d 776, where a declaration of homestead on California property was held invalid because it failed to state an estimate of cash value; Rich v. Erwin, 86 Cal.App.2d 386, 194 P.2d 809, where the declaration was found to be invalid because it contained an untrue statement as to the marital status of the declarant; Schuler-Knox Co. v. Smith, 62 Cal.App. 2d 86, 144 P.2d 47, where the declaration filed by the wife was held invalid because it failed to state that her husband had not previously made a declaration and that she was filing for their joint benefit; Reid v. Englehart-Davidson Mercantile Co., 126 Cal. 527, 58 P. 1063, where the declaration was held to be fatally defective because it did not state that the declarant was the head of a family; Ames v. Eldred, 55 Cal. 136, where the declaration stated that the estimated value of the property was "$5,000 or over," it was held that the declaration was insufficient because it did not give an estimate of the "actual value"; Ashley v. Olmstead, 54 Cal. 616, where the declaration was held invalid because it did not contain an estimate of the cash value.

therein, and cannot be affected by any secret intentions which may have been in the mind of the claimant." Carey v. Douthitt, 140 Cal.App. 409, 412, 35 P.2d 632, 633.

Appellant contends that the fact that the declaration contained a reference to "Tract 5069, as per map recorded in Book 56, Pages 82 to 85, of Maps" is sufficient to identify the property. However, by the use of the number "204", it may be assumed that the tract must have contained at least 204 lots, and the use of the designation "Lot 104" would not serve to identify Lot 204.

No case relied upon by Appellant goes as far as Appellant would have us go in this case. No case to which our attention has been directed has held a Declaration of Homestead valid where the property which is completely and accurately described therein is not the property upon which the declarant resides. The California courts have held to the contrary.

In Harris v. Duarte, 141 Cal. 497, 70 P. 298, 75 P. 58, 59, a deed was made conveying the south ten acres of land of a tract containing eleven and one-half acres. A house was constructed outside of the ten acres described in the deed. A homestead was filed on this property. The Court in holding the homestead invalid said, "If the declarant makes a mistake, and gives a description of land upon which she does not reside, her statement that she resides upon the land cannot enlarge its boundaries. The strip in controversy was therefore not exempt as a homestead from the claims of creditors."

In Donnelly v. Tregaskis, supra, where the Court held the description of the property was not sufficient to identify it, the Court said,

"A description of the premises is required by the Code as an essential to a valid declaration of homestead. * * * Jones v. Gunn, 149 Cal. 687, 87 P. 578. A description of the premises necessarily means such description as will serve to identify the property. To uphold homesteads, which are favored by the law, great liberality in this respect will be allowed; but the rule nevertheless obtains in full force that the description must be sufficient, so that the property may be identified in some legitimate manner." [154 Cal. 261, 97 P. 422.]

We hold that the Declaration of Homestead in the instant case was not valid.

Appellant further contends that the Referee in Bankruptcy had jurisdiction under its equity power to order reformation of a homestead which had theretofore been recorded.

In Carey v. Douthitt, supra, a California appellate court held that retroactive effect may not be given to an amended homestead declaration. It appeared that the homestead declaration on the property which was subject to a judgment lien was defective and the Court refused to allow an amended declaration, correcting the defect, to be filed and thus cut off the right of the lienholder. Applying the reasoning in this case to the case at bar, we must necessarily hold that the Referee erred in allowing the declaration to be reformed.

Section 70, sub. c of the Bankruptcy Act confers on the Trustee in Bankruptcy the same position as a lien creditor (11 U.S.C.A. § 110, sub. c); his rights are determined as of the date of the filing of the petition. (11 U.S.C.A. § 110, sub. a.) On September 19, 1955, when Joseph Esten filed his petition, the Trustee, Crules R. Check, acquired all the rights of a lienholder on "Lot 204" and a defective declaration of homestead could not be reformed to cut off that right.

The judgment of the District Court is affirmed.